GRABER, Circuit Judge,
dissenting:
I respectfully dissent.
Federal habeas corpus relief is available to Petitioner only if the state court’s “adjudication of [his] claim resulted in a decision that was contrary to,[1] or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” 28 U.S.C. § 2254(d)(1), or “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,” id. § 2254(d)(2). In this case, the facts on which the state court relied to hold that Petitioner failed to make out a prima facie case of prejudice *1006 are supported by the record, and the prejudice analysis that the state court applied — In re Alvernaz, 2 Cal.4th 924, 8 Cal.Rptr.2d 713, 830 P.2d 747, 756 (1992)— is consistent with Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, we may grant relief only if the state court’s application of Alvemaz to the facts before it was objectively unreasonable. It was not.
Petitioner claims ineffective assistance of counsel in failing to communicate a plea bargain accurately.[2] The majority properly identifies Strickland as the governing law for that claim. (Maj. op. at 1053.) Prejudice is an essential element of a Strickland claim. 466 U.S. at 694, 104 S.Ct. 2052.
The state court assessed Petitioner’s claim under the prejudice analysis of Al-vemaz- — a framework that the majority agrees is not contrary to clearly established Supreme Court law. (Maj. op. at 1053.) Under Alvemaz, a defendant’s own assertion in hindsight that he would have accepted a plea bargain is insufficient to prove prejudice; prejudice must be shown by objective corroborating evidence. 8 Cal.Rptr.2d 713, 830 P.2d at 756. Thus, to make out a legally sufficient prima facie case of prejudice under Alvernaz, Petitioner had to present some objective corroborating evidence.
The majority holds that “it was objectively unreasonable for the state court to conclude on the record before it that no reasonable factfinder could believe that Nunes had been prejudiced.” (Maj. op. at 1055.) With respect, that is not the question before us. The state court applied Alvemaz, which is not contrary to Strickland and which requires objective corroborating evidence before the right to a hearing attaches. The question, then, is whether it was objectively unreasonable for the state court to conclude on the record before it that Petitioner had failed to offer objective corroborating evidence in support of his assertion that he would have taken the plea at the time it was offered, had it been properly communicated.
It was not objectively unreasonable for the state court to conclude that the evidence Petitioner had presented failed to establish a prima facie case under Alver-naz. As a factual matter, the state court assumed (1) that Petitioner’s trial lawyer did not accurately communicate the plea offer or competently advise him and (2) that Petitioner truthfully asserted that he would have taken the plea at the time it was offered, had it been properly communicated. However, the latter assumption did not avail Petitioner under the Alvemaz test; even assuming Petitioner’s utter sincerity, California Supreme Court precedent prevented the California Court of Appeal from relying solely on Petitioner’s own after-the-fact statement that he would have taken the plea bargain.
Petitioner’s remaining evidence,[3] taken in Petitioner’s favor, established (1) that before trial, his mother told him that the plea offer was better than he thought after talking to his lawyer; (2) that, although he saw his lawyer before and during trial, his lawyer’s incompetence made it difficult or impossible to communicate his concerns about the plea offer; and (3) that he had *1007 escaped a murder conviction three times already after three earlier trials.
The state appellate court found that the foregoing facts did not establish objective, corroborating evidence that Petitioner would have taken the plea offer. The court reasoned that, because Petitioner knew that the terms of the plea offer were different from those his counsel had reported, but did not seek clarification of the plea offer when he saw his counsel before trial,[4] he had failed to establish a reasonable probability that, with effective representation, he would have accepted the proffered plea bargain. The court also reasoned that the plea offer of eleven years was not a patently preferable choice, given that Petitioner had escaped conviction on the murder charge three times and could hope for a voluntary manslaughter sentence of six years. Consequently, the state court concluded, Petitioner failed to demonstrate a prima facie case of prejudice by objective corroborating evidence.
The majority and the district court draw different, and perhaps more convincing, inferences from the facts that were before the state court. But a strong alternative analysis does not make the state court’s inferences and analysis objectively unreasonable. Our sole task is to determine whether the state court’s decision that the facts, taken in Petitioner’s favor, did not meet the Alvemaz threshold for objective corroboration was objectively unreasonable under Strickland. See Wiggins v. Smith, - U.S. -, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (holding that the question for a federal habeas court is whether the state court’s decision was “objectively unreasonable”). Indeed, as the United States Supreme Court recently held, “[w]e may not grant [a] habeas petition ... if the state court simply erred in concluding that the State’s errors were harmless; rather, habeas relief is appropriate only if the [state court] applied harmless-error review in an ‘objectively unreasonable’ manner.” Mitchell v. Esparza, — U.S. -, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) (per curiam).
It simply was not objectively unreasonable for the state court to conclude that the facts Petitioner presented did not amount to objective, corroborating evidence. It would have been objectively unreasonable if, for instance, Petitioner’s mother in her declaration had sworn that Petitioner told her — at the time he learned of the eleven-year plea offer — that he wanted to take it. Petitioner offered nothing of the sort. Therefore, I simply cannot say that the state court was objectively unreasonable in deciding that Petitioner did not present objective, corroborating evidence sufficient to make out a prima facie claim of prejudice.
Although it may appear that the majority and I differ only in how we read the record or the state appellate court’s opinion, our disagreement also is more fundamental. In this case, a state’s highest court has established evidentiary requirements for a claim of ineffective assistance of counsel that are more stringent than those established in Strickland or in other Supreme Court cases. The majority comments, fairly, that those evidentiary requirements are “in substantial tension” with Strickland, maj. op. at 1055 n. 6, but as all of us conclude the requirements are not “contrary to” clearly established Supreme Court precedent, id. at 1053. I also believe that Alvemaz is not an objectively *1008 unreasonable application of Strickland. In that situation, I believe that 28 U.S.C. § 2254(d) and the Supreme Court’s recent interpretations of it, such as the cases cited above and Yarborough v. Gentry, — U.S. -, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), require us to allow the state to apply its higher evidentiary standard.
Two final points: First, the majority’s assertion that the state court’s decision should be viewed, in the alternative, as a factual determination (maj. op. at 1057) misapprehends what that court held. The state court held as a matter of law that the facts, taken in Petitioner’s favor, did not meet the Alvemaz threshold for objective corroboration of Petitioner’s claim that he would have taken the plea offer had his counsel communicated it to him accurately at the time. To the extent that the state court relied on facts, the key facts on which it relied are entitled to a presumption of correctness under 28 U.S.C. § 2254(d)(2) and (e)(1), and none was contradicted in the later federal hearing.[5]
Second, the majority faults the state court for denying Petitioner a hearing to develop additional objective corroboration for his claim. (Maj. op. at 1057.) Under our AEDPA standard of review, this criticism is relevant only if (1) clearly established Supreme Court law required a hearing in the circumstances or (2) the facts before the state court were unreasonably determined or insufficient to support an objectively reasonable decision that Petitioner had failed to make out a prima facie case.
Here, as to the first option, the state court’s failure to hold a hearing did not violate clearly established Supreme Court precedent. As to the second option, the state court based its decision on (1) Petitioner’s failure to exploit an opportunity to clarify the plea offer he knew to be different from what his lawyer had told him and (2) the potential benefits of proceeding to trial, as they then appeared. Support for those key facts existed in the record, and the state court did not exceed the bounds of objective reasonableness in concluding that there was insufficient objective corroboration to trigger further inquiry.
For the foregoing reasons, I would reverse the district court’s order granting habeas corpus relief. I must therefore dissent from the majority’s holding to the contrary.

. I agree with the majority that this case does not involve the “contrary to” prong of 28 U.S.C. § 2254(d)(1). (Maj. op. at 1051.)

. I agree with the majority’s analysis of the right to counsel during plea bargaining. (Maj. op. at 1052-53.)

. Petitioner presented three declarations to the state court. They were from him, his mother, and his appellate counsel. His later-proffered declarations and other documents, which the state court rejected, did not supply objective corroboration of Petitioner's willingness to accept a plea offer. The state court also reviewed the trial transcript of the fourth trial.

. The state court did not discuss whether the plea offer had expired by the time Petitioner saw his counsel before trial began. However, that court's narrow point was that Petitioner’s silence implied consent to proceed to trial— not that Petitioner’s hypothetical protest necessarily would have enabled his counsel to secure a revival of the offer.

. Thus the majority's reliance (maj. op. at 1055) on Killian v. Poole, 282 F.3d 1204 (9th Cir.2002), cert. denied, 537 U.S. 1179, 123 S.Ct. 992, 154 L.Ed.2d 927 (2003), and Weaver v. Thompson, 197 F.3d 359 (9th Cir.1999), is misplaced even if factual findings are involved here. Killian involved a situation in “which no adjudication on the merits in state court was possible,’’ 282 F.3d at 1208, whereas here the state court had the opportunity and the obligation to decide whether Petitioner had made out a prima facie case. Weaver involved a situation in which a trial judge wrote an informal letter but made no formal factual determination, 197 F.3d at 363, whereas here the state court's determination that Petitioner had not made out a prima facie case was contained in a formal decision. See also Valdez v. Cockrell, 274 F.3d 941, 951 (5th Cir.2001) (holding that AEDPA deference applies to state-court findings of fact based on a review of the record), cert, denied, 537 U.S. 883, 123 S.Ct. 106, 154 L.Ed.2d 141 (2002).