Clarence A. RAMIREZ, Petitioner— Appellant,

v.

K.W. FAIRMAN, Warden, Respondent— Appellee.

No. 02–15793.

D.C. No. CV 99–6087 OWW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2004.

Decided July 16, 2004.

---

Carolyn D. Phillips, Esq., Fresno, CA, for Petitioner–Appellant.

Clarence A. Ramirez, Corcoran, CA, Petitioner–Appellant Pro Se.

Joan W. Cavanagh, DAG, Janis Shank McLean, Esq., Brook A. Bennigson, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Clarence A. Ramirez appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Ramirez contends that the out-of-court procedure used to identify him violated his due process rights. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]

The district court's denial of a petition for a writ of habeas corpus is reviewed *de novo*. *Brodit v. Cambra*, 350 F.3d 985, 988 (9th Cir.2003). We review Ramirez's petition under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because it was filed on July 15, 1999, after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, a federal court may grant a petition for a writ of habeas corpus with respect to a claim adjudicated on the merits in state court, only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Ramirez contends that Rene Torres' pre-trial identification violated his due process rights under *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and *Manson v. Brathwaite*, 432 U.S. 98, 97

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and prior proceedings, we do not recite them here, except as necessary to aid in understanding this disposition.

205

S.Ct. 2243, 53 L.Ed.2d 140 (1977). Under *Biggers* and *Manson,* a pre-trial identification violates due process where: (1) the identification procedures are impermissibly suggestive; and (2) the suggestive procedures give rise to a very substantial likelihood of misidentification. *Biggers,* 409 U.S. at 197, 93 S.Ct. 375. If the identification is impermissibly suggestive, we consider the totality of the circumstances in order to decide whether the pre-trial identification is nonetheless reliable. *Manson,* 432 U.S. at 114, 97 S.Ct. 2243.

The state court here found that the circumstances surrounding the pre-trial lineup were not "impermissibly suggestive." Although it did not cite to any Supreme Court cases, its analysis was consistent with the threshold issue for the due process inquiry and was not "contrary to" *Biggers* and *Manson. See Mitchell v. Esparza,* 540 U.S. 12, ——, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003) (holding that a state court's opinion is not "contrary to" clearly established Federal law when it does not cite Supreme Court opinions so long as neither the reasoning nor the result contradicts them).

The state court's rejection of Torres' affidavit also was not an objectively "unreasonable application" of *Biggers* and *Manson.* The record shows that Torres: (1) had ample opportunities to raise his objections prior to his affidavit; (2) mistakenly indicated which number he meant to identify in the original lineup; and (3) indicated in his sworn affidavit an alternative motive for his recantation. Thus, the record supports the state court's finding that the live lineup was not impermissibly suggestive. We conclude therefore that Ramirez is not entitled to habeas relief under the AEDPA's highly deferential standard of review.

The judgment of the district court dismissing Ramirez's petition for a writ of habeas corpus, is accordingly

AFFIRMED.