Ian Charles BROWN, Petitioner—
Appellant,

v.

David L. RUNNELS, Warden,
High Desert State Prison,
Respondent—Appellee.

No. 05–16749.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2007.

Filed Oct. 17, 2007.

---

Ian Charles Brown, HDSP—High Desert State Prison, Susanville, CA, pro se.

Ann C. Mcclintock, Esq., FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

J. Robert Jibson, Esq., Justain P. Riley, DAG, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Before: SCHROEDER, Chief Circuit Judge, CLIFTON, Circuit Judge, and SCHIAVELLI *, District Judge.

## MEMORANDUM **

Petitioner Ian Charles Brown ("Petitioner") appeals from the district court's denial of his petition for habeas corpus.[1] We affirm.

We review the denial of a 28 U.S.C. § 2254 habeas petition *de novo.* Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief is appropriate only if (1) the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)–(2).

Petitioner contends that the state trial court deprived him of his constitutional rights under the Sixth and Fourteenth Amendments when it excluded as privileged evidence regarding the extent of his brother's mental illness. Although Petitioner's arguments focus on the alleged constitutional harm suffered, the present AEDPA analysis focuses on whether the state court of appeal[2] reasonably applied

1. The parties are familiar with the facts so we do not discuss them in detail here.

2. Federal courts conducting habeas review over state court decisions ordinarily look to the last reasoned state opinion, in this case the state court of appeal opinion. *See Ylst v. Nunnemaker,* 501 U.S. 797, 801, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

the harmless error standard when it found that Petitioner's constitutional rights were not prejudiced by the trial court's application of the psychotherapist-patient privilege.

To warrant habeas relief under the first prong of AEDPA, Petitioner must demonstrate that the state court of appeal's ruling was "contrary to" federal law or "objectively unreasonable." *See Mitchell v. Esparza*, 540 U.S. 12, 18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003).

The state court of appeal found that Petitioner's constitutional rights were not prejudiced by the trial court's application of the psychotherapist-patient privilege because (1) Petitioner was able to use the excluded psychotherapist reports to effectively confront or cross-examine all prosecution witnesses in an effort to discredit Petitioner's brother, Jason Brown ("Jason"); (2) Petitioner's trial counsel, with full knowledge of the contents of the excluded materials, stated on the record that the psychotherapist's testimony would be cumulative; (3) Petitioner waived his argument, by failing to raise it below, that the psychotherapist's testimony was not cumulative because it offered an *unbiased* perspective; and (4) Jason's credibility and his version of events were corroborated by other evidence presented at trial.

Because Petitioner failed to provide the state court of appeal or this Court with any admissible evidence that the excluded materials were not cumulative, we find that the state court of appeal's application of the harmless error standard was neither "contrary to" nor an "unreasonable application" of federal law.[3] Accordingly, Petitioner is not entitled to habeas relief under the first prong of AEDPA.

We also find the state court of appeal's decision was not based on "an unreasonable determination of the facts" because, as already noted, Petitioner failed to provide any admissible evidence regarding the content of the excluded materials. Accordingly, Petitioner is not entitled to habeas relief under the second prong of AEDPA.

**AFFIRMED.**

---

**3.** Petitioner's current counsel filed a Request for Judicial Notice asking this Court to consider "offers of proof" about the content of the excluded reports and records that Petitioner's former counsel submitted to the state court of appeal. The Court cannot consider these materials because (1) they are not properly noticeable under Fed.R.Evid. 201; (2) they were not provided to the district court below; and (3) they consist entirely of hearsay statements by Petitioner's state appellate counsel. These "offers of proof" provide this Court with no admissible evidence regarding the content of the evidence excluded by the trial court. Given their lack of probative value, it was not an error for the state court of appeal to ignore these "offers of proof" when they were filed with that court.