**Frederick Edson ALFORD, Jr.,**
**Petitioner–Appellant,**

v.

**James M. SCHOMIG, Warden,**
**Respondent–Appellee.**

No. 06–17015.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2007 *.

Filed Nov. 14, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Jason M. Frierson, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before: ROTH \*\*, THOMAS, and CALLAHAN, Circuit Judges.

### MEMORANDUM \*\*\*

Petitioner Frederick Edson Alford, Jr. ("Alford") petitions for a writ of habeas corpus, claiming that his trial counsel were ineffective, that he involuntarily entered an *Alford* plea to first degree murder and home invasion, and that his appellate counsel were ineffective. We affirm the district court's denial of habeas corpus.

The parties are familiar with the facts of this case, so we do not repeat them except where necessary.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we may grant habeas relief from a state conviction only if the state court's decision is contrary to or an unreasonable application of clearly established law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented in the state courts. *Mitchell v. Esparza*, 540 U.S. 12, 15, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003). A state court's factual determinations may not be overturned unless we are convinced "that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir.2004).

---

\*\* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Alford claims that he was denied the right to effective assistance of trial counsel on six theories, that his guilty plea was not knowing and voluntary, and that he was deprived of the right to effective assistance of appellate counsel on three grounds. The specific grounds for his ineffective assistance of trial counsel claim are: a) trial counsel failed to adequately prepare a motion in limine to preclude a felony murder argument; b) trial counsel failed to secure a complete psychological evaluation of Alford before trial; c) trial counsel failed to reasonably communicate with Alford to prepare for trial; d) trial counsel failed to exclude letters from Alford to his ex-wife; e) trial counsel acted ineffectively by recommending that Alford plead guilty to home invasion; and f) trial counsel failed to present evidence to support his motion to withdraw his plea.[1] With regard to appellate counsel, Alford claims they were ineffective because they: a) failed to challenge the home invasion charge on appeal; b) failed to challenge the felony murder theory; and c) failed to challenge the deadly weapon enhancement.

## I. Alford's trial counsel were not ineffective.

We review claims of ineffective assistance of counsel under the principles set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Bailey v. Newland*, 263 F.3d 1022, 1028 (9th Cir.2001). In the context of an ineffective assistance of counsel claim following a guilty plea, the Supreme Court has held that the petitioner must show that: (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (internal quotations omitted). In post-plea habeas cases, "while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). This is because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," therefore, "[h]e may only attack the voluntary and intelligent character of the guilty plea by showing that the advice received from counsel was not within [the range of competence demanded of attorneys in criminal cases.]" *Id.*

A. *Failure to challenge the felony murder theory on double jeopardy grounds.*

 Alford argues that language from footnote 3 of the Nevada Supreme Court decision in his first state appeal was "an appellate determination that the trial court *should* have entered a judgment of acquittal," that his attorneys should have argued precluded re-trying him on a felony murder theory. *Lockhart v. Nelson*, 488 U.S. 33, 39, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (emphasis in original).

Alford fails to raise a colorable claim that the failure to seek a motion in limine on the felony murder theory had any effect on his decision to plead guilty. First, Alford's trial counsel actually filed and lost a motion in limine on this issue. Second, the district court's interpretation of the Nevada Supreme Court's language was not

---

1. Alford's second ground for relief—that his plea was involuntary because there was an insufficient factual basis for pleading guilty to

the home invasion—depends on the resolution of grounds 1(e) and 1(f).

clearly erroneous because the passage expressly states that it is dicta. *Alford v. State,* 111 Nev. 1409, 906 P.2d 714, 716 n. 3 (1995). As a result, Alford cannot show that his attorney's failure to make a meritless motion fell below an objective standard of reasonableness. *Baumann v. United States,* 692 F.2d 565, 572 (9th Cir. 1982). Third, Alford pleaded guilty to the home invasion charge, which essentially replaced the burglary for the purposes of a felony murder theory. Therefore, Alford has not established prejudice or that he was entitled to relief. *See Davis v. Woodford,* 333 F.3d 982, 993 (9th Cir.2003).

### B. *Failure to obtain a psychiatric evaluation.*

■ Alford argued that his counsel's failure to get a full psychiatric evaluation before the second trial was ineffective assistance of counsel.

Alford's guilty plea represents "a break in the chain of events" that prevents us from reviewing "independent grounds for federal collateral relief." *Tollett,* 411 U.S. at 267, 93 S.Ct. 1602. It is impossible for a federal court to assess what more the psychiatrist who evaluated Alford prior to trial would have done if Alford had not pleaded guilty at such an early stage in the trial. Alford's dissatisfaction with the psychiatrist does not establish ineffective assistance of counsel. *See Davis,* 333 F.3d at 1000–03 (concluding that habeas petitioner's dissatisfaction with the psychiatrist was insufficient to support an ineffective assistance of counsel claim). In addition, Alford cannot do anything but speculate about potential prejudice to his case. *See Williams v. Calderon,* 52 F.3d 1465, 1471 (9th Cir.1995) (concluding that there was no prejudice when psychiatrists found petitioner to be sane). Therefore, Alford is not entitled to federal habeas relief based on his dissatisfaction with his psychiatric examination.

### C. *Preparation for trial.*

Alford contends that his trial counsel for the second trial failed to meaningfully communicate with him and prepare for the effect the letters had on his second trial.

A defendant has the right to effective representation by counsel, not a right to a "meaningful relationship" with counsel. *Morris v. Slappy,* 461 U.S. 1, 14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *United States v. Schaff,* 948 F.2d 501, 505 (9th Cir.1991) (holding there is no right to a "meaningful relationship" between an accused and counsel). Although Alford expressed unhappiness with his counsel on several occasions, there is no evidence in the record that his trial counsel was actually unprepared for trial. Alford admitted that he purposefully ignored or refused to cooperate with an investigator assigned to his case. To the extent Alford simply did not get along with his trial counsel, that is not a proper basis for an ineffective assistance of counsel claim. *Morris,* 461 U.S. at 14, 103 S.Ct. 1610.

The only evidence that trial counsel were not prepared for trial are the defendant's declarations and the defendant's statements to his family. Beyond Alford's bare allegations of incompetence, he fails to advance specific theories or problems that, viewed objectively, create a reasonable probability that, but for the deficiency, he would not have pleaded guilty and would have insisted on going to trial. Under the standards set forth in *Strickland* and *Hill,* Alford has failed to establish that any lack of preparation coerced him into taking the plea agreement. Therefore, Alford has not established that his trial counsel were ineffective, or that he was prejudiced by any lack of preparation.

D. *Alford's letters to his ex-wife.*

■ In a related argument, Alford contends that his trial counsel were ineffective because they failed to move to exclude the letters to his ex-wife,[2] prepare to defend against them, or otherwise strategize about their impact before trial.

Alford's contention that his trial counsel would have been able to exclude his letters to his ex-wife as prior bad acts under Nevada Revised Statute 48.045(2) is without merit. Nevada has recognized that "[e]vidence that after a crime a defendant threatened a witness with violence is directly relevant to the question of guilt. Therefore, evidence of such a threat is neither irrelevant character evidence nor evidence of collateral acts requiring a hearing before its admission." *Evans v. State,* 117 Nev. 609, 28 P.3d 498, 512 (2001). Also, Nevada state law states that "[d]eclarations made after the commission of the crime which indicate consciousness of guilt, or are inconsistent with innocence, or tend to establish intent may be admissible." *Abram v. State,* 95 Nev. 352, 594 P.2d 1143, 1145 (1979). In this case, the letters were admissible to show that Alford wanted to conceal certain facts showing the murder was premeditated, as well as his attempt to create facts to pursue a voluntary manslaughter theory or even self-defense. Again, Alford's trial counsel were not required to make meritless motions to exclude admissible evidence. *Baumann,* 692 F.2d at 572.

Even assuming that trial counsel's handling of the letters was ineffective, Alford cannot show any prejudice. It is undisputed that Alford was convicted in the first

trial, where the existence of the letters was revealed. Furthermore, the prosecution's case was strengthened considerably by the production of the letters because they show a deliberate effort by Alford to cover up facts showing premeditation. Therefore, Alford failed to demonstrate a reasonable probability that, but for his counsel's handling of his letters to ex-wife, he would have reasonably proceeded to trial rather than plead guilty, and he is not entitled to any relief.

E. *Counseling Alford to plead guilty to the home invasion count.*[3]

■ Alford also argues that counsel was ineffective because there was an insufficient factual basis for the home invasion plea. Nevada Revised Statute 205.067(1), defines home invasion as follows:

A person who, by day or night, forcibly enters an inhabited dwelling without permission of the owner, resident or lawful occupant, whether or not a person is present at the time of the entry, is guilty of invasion of the home.

Nevada's defines "inhabited dwelling," as "any structure, building, house, room, apartment, tenement, tent, conveyance, vessel, boat, vehicle, house trailer, travel trailer, motor home or railroad car in which the owner or other lawful occupant resides." Nev.Rev.Stat. 205.067(5)(b).

It is undisputed that Alford kicked in the door to the bedroom. The Nevada Supreme Court reviewed the state district court's interpretation of Nevada Revised Statute 205.067(1) to include the act of breaking into the bedroom and refused to grant relief based on Alford's argument

---

**2.** This appears to be factually inaccurate because Alford's attorney declared that she moved to exclude the letters, but the court rejected the motion. Alford acknowledged this in his motion to withdraw his guilty plea.

**3.** The state does not contest the district court's grant of habeas corpus on the subornation of perjury count because the facts cannot support a completed subornation of perjury conviction if there was no actual perjured testimony.

that breaking into the bedroom was not an adequate factual basis for the plea.[4] A state court's interpretation of state law should be given deference in a federal habeas proceeding. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005). Because there was sufficient evidence to support a conviction, the Nevada courts did not unreasonably apply *Strickland* and *Hill* in concluding that Alford's counsel were not ineffective in advising him to plead guilty.

## II. Alford's post-plea counsel were not ineffective for failing to present sufficient evidence to support withdrawal of the plea or introduce evidence of a more favorable plea.

Alford also argues that his post-conviction counsel was ineffective because she failed to present enough evidence to support his motion to withdraw the plea.

Other than Alford's bare allegations and hearsay testimony, Alford has not proffered any evidence that an offer of a sentence of a single life with the possibility of parole in exchange for a guilty plea ever existed. The Nevada Supreme Court has already examined the record in this case and determined that the state never offered Alford a plea bargain in which it would recommend a sentence of one term of life in prison with the possibility of parole. This was not an unreasonable determination of the facts on this record. We are bound to accept the Nevada Supreme Court's determination if it is reasonable in light of the facts presented. *See Weaver v. Palmateer*, 455 F.3d 958, 963 n. 6 (9th Cir.2006); *Gunn v. Ignacio*, 263 F.3d 965, 969 (9th Cir.2001). Alford cannot establish that the outcome of his motion to withdraw his guilty plea would

have been different if he had had additional evidence, or that he would not have pleaded guilty and proceeded to trial. Therefore, he has not established prejudice and he is not entitled to relief.

## III. Alford's appellate counsel were not ineffective.

Alford claims that his counsel on direct appeal were ineffective because they failed to challenge the home invasion charge, the felony murder charge, and the deadly weapon enhancement. There is no constitutional right "to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). An appellate advocate will frequently satisfy both *Strickland* prongs for declining to raise a weak issue. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989). In order to show prejudice from failure to present a challenge on appeal, the petitioner must show that he would have won on the issue if it had been pursued on appeal. *See Bailey*, 263 F.3d at 1033–34.

Insofar as the failure to challenge the factual basis for the home invasion plea and the denial of the motion to preclude a felony murder theory have been considered and rejected as a basis for federal habeas relief, Alford's claims are foreclosed because he cannot establish prejudice. *Id.* Furthermore, the Nevada Supreme Court concluded that Alford had no reasonable likelihood of success on the merits in challenging the deadly weapon enhancement. Because Alford failed to demonstrate that there was a reasonable likelihood of success on any of his three underlying challenges, he cannot establish

---

4. Alford's discussion of the Nevada Supreme Court's dicta concerning a burglary charge is not persuasive because it concentrates on the elements of a burglary and Alford's state of

mind when he entered the trailer, not on the force used. *See Alford v. State,* 906 P.2d at 716 n. 3.

prejudice, and he is not entitled to relief based on ineffective assistance of appellate counsel.

## CONCLUSION

Alford has not demonstrated a proper claim for relief based on ineffectiveness of trial counsel. His claim that his plea was involuntary based on his claim that there was a more favorable offer has no factual or legal merit. Alford cannot show prejudice from the failure of appellate counsel to present arguments because he has not established that he had a reasonable likelihood of prevailing on those theories.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.