MEMORANDUM *
Craig Abel (“Abel”), who was convicted in 2002 on five counts of lewd and lascivious conduct with his girlfriend’s children, appeals the district court’s denial of his habeas petition. We review de novo the district court’s decision to deny a petition for a writ of habeas corpus, Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir.2003), and we affirm.[1]
As a preliminary matter, we affirm our jurisdiction over this appeal. Although Abel’s notice of appeal was untimely pursuant to Federal Rule of Appellate Procedure (“Fed. R.App.P.”) 4(a)(5)(C), that defect does not deprive us of jurisdiction because the Rule’s time limitation is not derived from statute. See Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2364-65, 168 L.Ed.2d 96 (2007) (holding that time limitations that are not derived from statute are not “jurisdictional”). We also conclude that our exercise of jurisdic *433 tion over this appeal is appropriate under the “functional equivalent” doctrine set forth in Smith v. Barry, 502 U.S. 244, 248-49, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). In Smith, the Court held that a filing may be deemed the functional equivalent of a notice of appeal, provided it substantially complies with the requirements of Fed. R.App. P. 3(c)(1). Id. Here, Abel’s timely motion for an extension of time in which to file his appeal substantially complies with Rule 3(c)(1), as it specifies the party taking the appeal and identifies the order being appealed. See Fed. R.App. P. 3(c)(1). Although it fails to identify the court to which the appeal is made, as appellees concede, it is obvious that Abel intended to appeal to this court. Thus, we deem Abel’s timely motion for an extension of time to be the functional equivalent of a notice of appeal, and proceed to the merits.
In his petition, which is governed by the Antiterrorism and Effective Death Penalty Act (“AEDPA”), Abel asserts claims for ineffective assistance of counsel and violations of his due process rights in connection with jury instructions regarding the relevance of his prior sexual offenses.
Under AEDPA, we may grant habeas relief from a state conviction only if it is contrary to, or an unreasonable application of, clearly established law as determined by the United States Supreme Court, or if it was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. See Mitchell v. Esparza, 540 U.S. 12, 15, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003) (per curiam) (discussing AEDPA standards). We review the last reasoned state court judgment to determine whether that decision was contrary to, or unreasonably applied federal law. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). A state court decision is “contrary to” federal law if it misstates or fails to identify the controlling Supreme Court precedent or if it reaches a different result in a case that is materially indistinguishable from a Supreme Court case. Williams v. Taylor, 529 U.S. 362, 405-07, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A decision is an “unreasonable application” of federal law if it is objectively unreasonable. Id. at 409, 120 S.Ct. 1495. The burden of proof rests with the petitioner. Woodford v. Visciotti, 537 U.S. 19, 25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam).
Abel asserts that his trial counsel’s performance was constitutionally deficient based on his failure to: (1) impeach the children’s aunt, Lisa Jacobs (“Jacobs”), with her pretrial statement that the children had previously lied about a different instance of abuse by one of Jacobs’ friends; and, (2) to investigate Jacobs’ statements further.
To succeed on an ineffective assistance of counsel claim, the petitioner must show: (1) “that counsel’s performance was deficient” and (2) “that the deficient performance prejudiced the defense.” Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the last reasoned decision on this issue, the state court of appeal determined that Abel failed to show that his trial counsel’s decision not to introduce the impeachment evidence “was not a reasoned tactical decision that fell within the accepted range of reasonable assistance of counsel,” and concluded that, in light of other evidence presented at trial, the omission of the impeachment evidence did not result in prejudice.
This conclusion is neither contrary to, nor an unreasonable application of Strickland. See Mitchell, 540 U.S. at 15, 124 S.Ct. 7. In a post-trial affidavit, Abel’s trial counsel reasonably explained that he chose not to impeach Jacobs because she presented as a credible witness and he *434 feared that impeaching her would make the defense “look bad” in the jurors’ eyes. He further averred that asking her about her pretrial statements would give her the opportunity to reiterate that, regardless of any previous allegations, she believed the children’s allegations against Abel. Even assuming that Abel’s trial counsel erred by not impeaching Jacobs, Abel has not shown that the errors were so serious that he was “not functioning as the ‘counsel’ guaranteed ... by the Sixth Amendment” or that his conduct was outside the “wide range of reasonable professional assistance.” Strickland, 466 U.S. at 687, 689, 104 S.Ct. 2052.
Further, Abel fails to demonstrate that the impeachment evidence would likely have changed the outcome of the trial. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. There was other evidence to support the jury’s verdict, including the children’s consistent testimony about the abuse, and evidence of Abel’s propensity toward sexual violence against those living under his roof. Abel fails to demonstrate how the impeachment evidence would have necessarily overwhelmed this evidence.
Finally, Abel offers only speculation as to what further investigation into Jacobs’ statements might have revealed. Absent some indication as to what an additional investigation might have uncovered, we cannot conclude that trial counsel’s investigation was incomplete, or that a more thorough investigation would have changed the outcome of the trial. Based on the foregoing, we affirm the district court’s determination that Abel failed to establish ineffective assistance of counsel under either prong of the Strickland test, and that the state court of appeal reasonably applied Strickland in reaching the same conclusion.
Abel’s challenge to California Jury Instructions, Criminal (“CALJIC”) 2.50.01, which permits prior sexual offenses to be admitted as propensity evidence, is also unavailing. We agree with the district court that the trial court’s use of the 2002 version of CALJIC 2.50.01 did not allow the jury to convict Abel on proof less than a reasonable doubt. See In re Winship, 397 U.S. 358, 362, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (holding that a jury instruction violates due process if it effectively reduces the government’s burden to prove a criminal charge beyond a reasonable doubt).
Although we have previously found that the 1999 version of these instructions unconstitutionally allowed a jury to convict under a preponderance standard, see Gibson v. Ortiz, 387 F.3d 812 (9th Cir.2004), the 2002 version is materially different, as it includes an explicit admonition that evidence of a prior sexual offense is not, by itself, sufficient to convict the defendant of the charged crimes. Moreover, the additional instruction provided by CALJIC 2.50.1, which was given in this case, reminds the jury that the defendant must be proved guilty beyond a reasonable doubt of the charged offenses. The California Supreme Court has affirmed the constitutionality of the 2002 version of these instructions in People v. Reliford, 29 Cal.4th 1007, 1012-13, 130 Cal.Rptr.2d 254, 62 P.3d 601 (2003), and Abel has failed to show that the state court’s reliance on Reliford in this case was contrary to, or an unreasonable application of, clearly established law as determined by the United States Supreme Court. See 28 U.S.C. § 2254(d).
For the foregoing reasons, the district court’s denial of Abel’s habeas petition is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.