# MITCHELL, WARDEN *v.* ESPARZA

No. 02–1369.   Decided November 3, 2003

PER CURIAM.

The Court of Appeals for the Sixth Circuit affirmed the grant of habeas relief to respondent Gregory Esparza after concluding that, because the Eighth Amendment requires the State to narrow the class of death eligible defendants, the Ohio Court of Appeals had improperly subjected respondent's claims to harmless-error review. 310 F. 3d 414 (2002). This decision ignores the limits imposed on federal habeas review by 28 U. S. C. § 2254(d), and we therefore grant the petition for certiorari and reverse.

In February 1983, respondent Esparza entered a store in Toledo, Ohio, and approached two employees, Melanie Gerschultz and James Barailloux. No one else was in the store. At gunpoint, he ordered Gerschultz to open the cash register. Barailloux meanwhile fled the store through a rear door, entering the attached home of the storeowner, Evelyn Krieger. As Barailloux was alerting Krieger to the robbery, he heard a gunshot. Barailloux and Krieger returned to the store and found Gerschultz lying on the floor, fatally wounded by a single gunshot to her neck. The cash register was open and approximately $110 was missing.

Respondent was charged with aggravated murder during the commission of an aggravated robbery, Ohio Rev. Code Ann. § 2903.01 (Anderson 2002), and aggravated robbery, § 2911.01. He was convicted on both counts, and the trial judge accepted the jury's recommendation that he be sentenced to death for the murder conviction. The trial judge additionally sentenced respondent to 7 to 25 years' imprisonment for aggravated robbery, plus 3 years for the firearm specification. The Ohio Supreme Court affirmed the convic-

tions and the sentences. *State* v. *Esparza*, 39 Ohio St. 3d 8, 529 N. E. 2d 192 (1988), cert. denied, 490 U. S. 1012 (1989).

On state postconviction review, respondent argued, for the first time, that he had not been convicted of an offense for which a death sentence could be imposed under Ohio law. Although the indictment charged him with aggravated murder in the course of committing aggravated robbery, it did not charge him as a "principal offender." [1]  The Ohio Court of Appeals rejected his claim, holding that literal compliance with the statute was not required: "[W]here only one defendant is named in an indictment alleging felony murder, it would be redundant to state that the defendant is being charged as a principal offender.  Only where more than one defendant is named need the indictment specify the allegation 'principal offender.'"  *State* v. *Esparza*, No. L–90–235, 1992 WL 113827, *9 (May 29, 1992), cause dism'd, 65 Ohio St. 3d 1453, 602 N. E. 2d 250 (1992).

Respondent then filed a second petition for state postconviction relief alleging, *inter alia*, ineffective assistance of appellate counsel because his attorney did not argue that the State's failure to comply with its sentencing procedures violated the Eighth Amendment.  The Ohio Court of Appeals in a conclusory opinion denied his claim, referring back to its previous decision.  *State* v. *Esparza*, No. L–84–225, 1994 WL 395114, *5 (July 27, 1994), cause dism'd, 70 Ohio St. 3d

---

[1] Ohio Rev. Code Ann. § 2929.04(A) (Anderson 2002) provides, in relevant part:

"Imposition of the death penalty for aggravated murder is precluded, unless one or more of the following is specified in the indictment or count in the indictment . . . and proved beyond a reasonable doubt:

"(7) The offense was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit . . . aggravated robbery, . . . and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design."

1473, 640 N. E. 2d 845 (1994). The import of the court's decision was clear: Respondent failed to prove he was prejudiced because any error committed by counsel was harmless. In respondent's words, "The state court . . . determined that since [respondent] was the only individual charged, the jury must have determined that [respondent] was the principal offender." Brief in Opposition 2.

Having exhausted his avenues for relief under state law, respondent filed a habeas petition in the District Court for the Northern District of Ohio. The District Court concluded that the Ohio Court of Appeals' decision was an unreasonable application of clearly established federal law because it was contrary to our opinions in *Apprendi* v. *New Jersey,* 530 U. S. 466 (2000), and *Sullivan* v. *Louisiana,* 508 U. S. 275 (1993). In light of this error, as well as others not relevant to this opinion, the court granted respondent's petition in part and issued a writ of habeas corpus as to the death sentence. *Esparza* v. *Anderson,* No. 3:96–CV–7434 (Oct. 13, 2000), App. to Pet. for Cert. 41a–240a. The Court of Appeals affirmed the District Court, holding that the Eighth Amendment precluded respondent's death sentence and that harmless-error review was inappropriate. The State of Ohio petitioned for a writ of certiorari, which we now grant, along with respondent's motion for leave to proceed *in forma pauperis.*

A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U. S. C. § 2254(d)(1). The Court of Appeals, however, failed to cite, much less apply, this section.

A state court's decision is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts

that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams* v. *Taylor,* 529 U. S. 362, 405–406 (2000); see also *Price* v. *Vincent,* 538 U. S. 634, 640 (2003); *Early* v. *Packer,* 537 U. S. 3, 7–8 (2002) *(per curiam).* A state court's decision is not "contrary to . . . clearly established Federal law" simply because the court did not cite our opinions. *Id.,* at 8. We have held that a state court need not even be aware of our precedents, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Ibid.*

According to the Sixth Circuit, Ohio's failure to charge in the indictment that respondent was a "principal" was the functional equivalent of "dispensing with the reasonable doubt requirement." 310 F. 3d, at 421 (citing *Sullivan* v. *Louisiana, supra,* at 280). Our precedents, however, do not support its conclusion. In noncapital cases, we have often held that the trial court's failure to instruct a jury on all of the statutory elements of an offense is subject to harmless-error analysis. *E. g., Neder* v. *United States,* 527 U. S. 1, 19 (1999); *California* v. *Roy,* 519 U. S. 2 (1996) *(per curiam); Carella* v. *California,* 491 U. S. 263, 266 (1989) *(per curiam); Pope* v. *Illinois,* 481 U. S. 497 (1987). In *Neder,* for example, we held that such an error "differs markedly from the constitutional violations we have found to defy harmless-error review." 527 U. S., at 8. In so holding, we explicitly distinguished *Sullivan* because the error in *Sullivan*—the failure to instruct the jury that the State must prove the elements of an offense beyond a reasonable doubt—" 'vitiat[ed] *all* the jury's findings,'" 527 U. S., at 11, whereas the trial court's failure to instruct the jury on one element of an offense did not, see *id.,* at 13–15. Where the jury was precluded from determining only one element of an offense, we held that harmless-error review is feasible. *Ibid.*

We cannot say that because the violation occurred in the context of a capital sentencing proceeding that our precedent

requires the opposite result. Indeed, a number of our harmless-error cases have involved capital defendants,[2] *Arizona* v. *Fulminante*, 499 U. S. 279, 310 (1991) (unconstitutional admission of coerced confession at guilt stage); *Clemons* v. *Mississippi*, 494 U. S. 738 (1990) (unconstitutionally broad jury instructions at sentencing stage); *Satterwhite* v. *Texas*, 486 U. S. 249 (1988) (unconstitutional admission of evidence at sentencing stage), and we left a question similar to the one presented here open in another capital case, *Ring* v. *Arizona*, 536 U. S. 584, 609, n. 7 (2002) ("We do not reach the State's assertion that any error was harmless because a pecuniary gain finding was implicit in the jury's guilty verdict").

In relying on the absence of precedent to distinguish our noncapital cases, and to hold that harmless-error review is not available for this type of Eighth Amendment claim, the Sixth Circuit exceeded its authority under § 2254(d)(1). A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from this Court is, at best, ambiguous. As the Ohio Court of Appeals' decision does not conflict with the reasoning or the holdings of our precedent, it is not "contrary to . . . clearly established Federal law."

The question then becomes whether the Ohio Court of Appeals' determination is an "unreasonable *application of clearly established Federal law.*" § 2254(d)(1) (emphasis added; punctuation omitted). A constitutional error is harmless when "it appears 'beyond a reasonable doubt that

---

[2] The Sixth Circuit cited *Presnell* v. *Georgia*, 439 U. S. 14 (1978) *(per curiam)*, a due process case, noting that rather than remand for a harmless-error analysis, we simply reversed. In *Presnell*, we held that the Georgia Supreme Court violated due process when it sustained a death sentence because the sentence was supported by the evidence, even though the defendant was unaware of the charge and the issue was never submitted to a jury. *Presnell*, however, relied on the defendant's lack of notice and his inability to defend himself, not a faulty indictment or an incomplete jury instruction.

18

the error complained of did not contribute to the verdict obtained.'" *Neder, supra,* at 15 (quoting *Chapman* v. *California,* 386 U. S. 18, 24 (1967)); see also *Delaware* v. *Van Arsdall,* 475 U. S. 673, 681 (1986). We may not grant respondent's habeas petition, however, if the state court simply erred in concluding that the State's errors were harmless; rather, habeas relief is appropriate only if the Ohio Court of Appeals applied harmless-error review in an "objectively unreasonable" manner. *Lockyer* v. *Andrade,* 538 U. S. 63, 75–77 (2003); see also *Woodford* v. *Visciotti,* 537 U. S. 19, 25 (2002) *(per curiam); Williams, supra,* at 410 (An *"unreasonable* application of federal law is different from an *incorrect* application of federal law").

The Ohio Court of Appeals' conclusion was hardly objectively unreasonable. The Ohio Supreme Court has defined a "'principal offender'." as "'the actual killer,'" *State* v. *Chinn,* 85 Ohio St. 3d 548, 559, 709 N. E. 2d 1166, 1177 (1999), and in this case, the jury was instructed on the elements of aggravated murder, "'defined as purposely causing the death of another while committing Aggravated Robbery,'" 310 F. 3d, at 432 (Suhrheinrich, J., dissenting). The trial judge further instructed the jury that it must determine "'whether the State has proved beyond a reasonable doubt that the offense of Aggravated Murder was committed while the Defendant was committing Aggravated Robbery.'" *Ibid.* In light of these instructions, the jury verdict would surely have been the same had it been instructed to find as well that the respondent was a "principal" in the offense. After all, he was the only defendant charged in the indictment. There was no evidence presented that anyone other than respondent was involved in the crime or present at the store.[3]

---

[3] The Court of Appeals noted evidence brought to light for the first time in the habeas proceeding in the District Court that suggested there might have been another participant in the crime, Joe Jasso. The jury, however, was not presented with this evidence at trial, and thus it has no bearing on the correctness of the Ohio Court of Appeals' decision that the State

Cf. *Neder*, 527 U. S., at 19 ("[W]here a defendant did not, and apparently could not, bring forth facts contesting the omitted element, answering the question whether the jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee"). Under these circumstances, we cannot say that the state court's conclusion that respondent was convicted of a capital offense was objectively unreasonable. That being the case, we may not set aside its decision on habeas review.[4]

The judgment of the United States Court of Appeals for the Sixth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

---

need not charge a defendant as a principal offender if the failure to so charge is harmless error.

[4] Our decision, like the Court of Appeals', is limited to the issue presented here. We express no view whether habeas relief would be available to respondent on other grounds.