**Patrick HOVERSTEN, Petitioner–Appellant,**

v.

**William A. DUNCAN, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 02–55738.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided June 23, 2004.

Jerry D. Whatley, Santa Barbara, CA, for Petitioner–Appellant.

Patrick Hoversten, San Luis Obispo, CA, pro se.

April S. Rylaarsdam, Donald E. De Nicola, Esq., Attorney General's Office, Los Angeles, CA, for Respondent–Appellee.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Patrick Hoversten appeals the district court's denial of his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He asserts that his due process rights were violated by an eyewitness's in-court identification, which he asserts was rendered unreliable by unduly suggestive identification procedures. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

We review the district court's denial of Hoversten's habeas petition de novo. *See Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000). A federal court cannot grant an application for a writ of habeas corpus with regard to any claim that has been adjudicated on the merits by the state court unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The California Court of Appeal's conclusion that the pre-testimony procedures were not impermissibly suggestive and that the identification was not unreliable was not an unreasonable application of federal law. In *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Supreme Court held that "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

misidentification." *Id.* at 384, 88 S.Ct. 967; *see also Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) (holding that "reliability is the linchpin in determining the admissibility of identification testimony"). Here, the eyewitness, Lisette Cotsenmoyer, had ample opportunity to view Hoversten at the crime scene. She identified Hoversten's photo from a six-photo line-up shortly after the robbery. Although she could not initially make an in-court identification of Hoversten, Cotsenmoyer initiated contact with the prosecutors, because she feared her testimony was not accurate. It was only after Cotsenmoyer expressed concern about her testimony that the prosecution's investigator showed her a picture of Hoversten. Indeed, in her second testimony, during which she was able to make an in-court identification of Hoversten, Cotsenmoyer fully explained to the jury how she believed her first testimony had been in error and that she had been shown a picture of Hoversten after expressing those reservations. In this context, Cotsenmoyer's in-court identification "possesses sufficient aspects of reliability." *Manson,* 432 U.S. at 106, 97 S.Ct. 2243. Accordingly, on the record before us, we conclude that the Court of Appeal's decision, that Cotsenmoyer's in-court identification was not unreliable or tainted by the pre-testimony identification procedures, was not an unreasonable application of federal law.

■ The California Court of Appeal also concluded that, even if the out of court identification procedures were improper, any error was harmless "by any standard." We agree. A federal habeas petition will not be granted "if the state court simply erred in concluding that the state's errors were harmless; rather, habeas relief is appropriate only if the [state court] applied harmless-error review in an 'objectively unreasonable' manner." *Mitchell v. Es-*

*parza,* 540 U.S. 12, at ——, 124 S.Ct. 7, at * 12, 157 L.Ed.2d 263 (2003) (citing *Lockyer v. Andrade,* 538 U.S. 63, 75–77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). Here, the state presented numerous eyewitnesses, each of whom identified Hoversten as the robber. The state also provided significant circumstantial evidence supporting the conviction, including evidence that Hoversten owned a gun similar to that used in the robbery and possessed in his home cash bundled in the same manner as that bundled by the bank. In light of the evidence presented at trial, the California Court of Appeal's decision finding any error to be harmless was not objectively unreasonable.

AFFIRMED.