Roberto Becerra GARZA, Petitioner—
Appellant,

v.

Susan YEARWOOD, Warden,
Respondent—Appellee.

No. 05–15587.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Matthew C. Bockmon, Esq., FPDCA—
Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

David A. Rhodes, DAG, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

California state prisoner Roberto Becerra Garza appeals from the judgment of the district court denying his habeas petition under 28 U.S.C. § 2254. Garza was convicted of kidnapping for ransom or extortion and of assault with a deadly weapon, and was sentenced to a term of life without parole running consecutive to a two-year term for a weapon enhancement. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo* the denial of a habeas petition, *Beardslee v. Woodford*, 358 F.3d 560, 568 (9th Cir.2004), and we affirm.

■ Garza first contends that the circumstances under which the victim identified him as his kidnapper at an in-person police lineup were constitutionally defective. We deny relief because the California Court of Appeal's conclusion that the victim's ultimate in-court identification of Garza as one of his kidnappers was reliable was neither contrary to nor an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1); *Neil v. Biggers*, 409 U.S. 188, 200–01, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Furthermore, the police did not violate Garza's right to have counsel present during the lineup. Garza had no such right because the lineup took place before Garza was arraigned or indicted. *See Kirby v. Illinois*, 406 U.S. 682, 690, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) (holding that a suspect has no right to counsel at a lineup conducted before formal criminal proceedings have commenced against him).

Garza also contends that he is entitled to habeas relief because the trial court failed to define "extortion" for the jury. This contention lacks merit because the state court's harmless-error analysis was not contrary to or an unreasonable application of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See* 28 U.S.C. § 2254(d)(1); *see also Mitchell v. Esparza*, 540 U.S. 12, 18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003) (per curiam); *Neder v. United States*, 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (failing to define an element of the crime for the jury is reviewed for harmlessness).

■ Finally, Garza contends that his sentence of life in prison without parole constitutes cruel and unusual punishment because it is disproportionate to his crime. Given the violent nature of Garza's crime, and the uncertainty of Supreme Court precedent in this area, the state court's resolution of this claim was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade*, 538 U.S. 63, 72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.