EDITH BROWN CLEMENT, Circuit Judge,
with whom JONES, Chief Judge, and JOLLY, SMITH, BARKSDALE and GARZA, Circuit Judges,
join dissenting from the majority opinion:
AEDPA requires us to defer to the state habeas court’s determination that the jury was not prevented from considering all the mitigating evidence within the special issues because that holding is neither contrary to nor an unreasonable application of Supreme Court precedent.[1] Accordingly, I respectfully dissent.
While this court has had many occasions to address Penry issues generally, the Supreme Court has spoken relatively very few times on the contentious issue presently before us: Jurek (youth, employment history, aid to family), Franklin (good behavior in prison), Penry I & II (mental retardation, child abuse), Graham (youth, transient upbringing, good character *352 traits),[2] Johnson (youth), Tennard (constitutional relevance, low IQ), and Smith (constitutional relevance, Penry II instruction, youth, organic learning disability, low IQ, good behavior in school, drug-addicted father). None of those cases deal specifically with the type of mitigating evidence offered by Nelson, ie., familial discord (rejection by his mother, trouble with his brother, inability to relate to his illegitimate child), drug and alcohol addiction and abuse, and (theoretically treatable) borderline personality disorder. Further, none of those cases gave the Supreme Court the opportunity — now before us — to apply AEDPA principles to focus on the reasonableness of the state court’s ruling rather than the merits of the petitioner’s claim.[3] Since the Supreme Court has not spoken to the precise type of mitigating evidence at issue here — and certainly had not done so by 1994, when Nelson’s conviction became final — it will be difficult to say that, under AEDPA, the state habeas court acted contrary to or unreasonably applied federal law as determined by the Supreme Court. The Supreme Court’s decision in Brown v. Payton, 544 U.S. 133, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005), is on-point and deserves more emphasis than the majority opinion grants it. There, the California Supreme Court, applying Boyde v. California, 494 U.S. 370, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990), had held that there was no reasonable likelihood that the jury believed it was required to disregard the petitioner’s mitigating evidence while applying the jury instructions.[4] Payton, 544 U.S. at 139, 125 S.Ct. 1432. The Ninth Circuit, concluding that the state court unreasonably erred, granted habeas relief.[5] Id. at 140, 125 S.Ct. 1432. Stringently applying AEDPA’s deferential standard of review, the Supreme Court reversed the Ninth Circuit. Id. at 141-43, 125 S.Ct. 1432. The Court held that, under AED-PA, “[ejven on the assumption that [the state court’s] conclusion was incorrect, it was not unreasonable, and is therefore just the type of decision that AEDPA shields on habeas review.” Id. at 143, 125 S.Ct. 1432. Concurring, Justice Breyer stated that, “In my view, this is a case in which *353 Congress’ instruction to defer to the reasonable conclusions of state-court judges makes a critical difference.” Id. at 148, 125 S.Ct. 1432 (Breyer, J., concurring).
Were I a California state judge, I would likely hold that Payton’s penalty-phase proceedings violated the Eighth Amendment .... [Tjhere might well have been a reasonable likelihood that [the] jury interpreted [the challenged jury instruction] in a way that prevented] it from considering constitutionally relevant mitigating evidence ....
Nonetheless ... [, f]or the reasons that the Court discusses, I cannot say that the California Supreme Court decision fails [AEDPA’s] deferential test.
Id. at 148-49, 125 S.Ct. 1432 (fourth alteration in original) (internal quotation marks omitted).
While Payton does not address the Texas special issues, it nonetheless supports the proposition that, under AEDPA, federal courts sitting in habeas review of state convictions must defer to reasonable state court determinations regarding the constitutionality of jury instructions. Where, as here, there is no directly applicable Supreme Court precedent and the question is so close, a federal court cannot conclude that the state court unreasonably applied Supreme Court precedent. See Payton, 544 U.S. at 140, 125 S.Ct. 1432 (noting that the Ninth Circuit “cited no precedent of this Court to support” its position that the state court acted contrary to or unreasonably applied Supreme Court precedent). See also Mitchell v. Esparza, 540 U.S. 12, 17, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003) (“A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from this Court is, at best, ambiguous.”).[6]
Our circuit has spent considerable time and effort trying to divine whether the jury was precluded from considering various mitigating evidence within the confines of the special issues. Such a close review of state court convictions is neither envisaged nor permissible under the standard of review imposed by AEDPA. Congress has limited the scope of our habeas review, and we must accede. Under that Con-gressionally-mandated deferential review, I simply fail to see how a majority of this court can hold unequivocally that the state habeas court not just has erred (certainly a debatable prospect) but has erred unreasonably so as to merit federal habeas relief.

. The district court quotes the following language from the state habeas court's decision: "The jury charge and the special issues allowed the jurors to give effect to all presented mitigating evidence in their answers to the special issues ....” D. Ct. Order at 37. A more precise statement, per Boyde v. California, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990), would have been that there is no reasonable likelihood that the jury applied the special issues in a way that prevented it from considering Nelson’s mitigating evidence. Nonetheless, there is no material difference for purposes of our review.

. Graham, as the majority opinion notes, merely held that precedent in 1984 did not dictate that the petitioner should be granted relief based on his potentially mitigating evidence.

. Only Penry II and Tennard are post-AEDPA federal habeas cases. The majority opinion's contention that the Court was "fully aware of the analytical constraints imposed by the deferential AEDPA standard of review,” Maj. Op. at 299, is a gentle way of obscuring that the Court did not decide whether the evidence fit within the special issues, since that question had been answered in Penry I. Rather, the Court granted habeas relief based on the Texas trial court's use of a nullification instruction. In Tennard, the Court similarly did not consider whether the mitigating evidence fit within the jury instructions. Rather, the Court struck down this circuit's "constitutional relevance” screening test and remanded for further proceedings.

. The challenged instructions included the "factor (k) instruction,” which is California’s version of a catch-all instruction. "[I]t directed jurors to consider any other circumstance which extenuates the gravity of the crime even though it is not a legal excuse for the crime.” Payton, 544 U.S. at 137, 125 S.Ct. 1432 (internal quotation marks and alteration omitted). Even though called a "catch-all,” this instruction sometimes may act to preclude the jury from considering relevant mitigating evidence. See Belmontes v. Brown, 414 F.3d 1094, 1102 n. 1 (9th Cir.2005).

. The state court had held that Payton's mitigating evidence (sincere commitment to God, involvement in prison ministry, calming effect on other prisoners) of his post-crime behavior could be considered within the jury instructions. The Ninth Circuit granted habeas relief, believing that Supreme Court precedent upholding the factor (k) instruction applied only to pre-crime evidence. Payton, 544 U.S. at 140, 125 S.Ct. 1432.

. Though the majority opinion purports to apply AEDPA and not merely disagree with the state habeas court decision, see Maj. Op. at 303 & 309, the analysis and conclusion of the majority opinion clearly show otherwise. The question is not whether there is a reasonable likelihood that the jury was precluded from giving consideration and effect to Nelson's mitigating evidence, see Maj. Op. at 290, 303, 306, 307, 308, & 313; rather, the question is whether it was unreasonable for the state habeas court to hold that there was not a reasonable likelihood that the jury was precluded from giving consideration and effect to the mitigating evidence. This latter question sets a substantially higher bar to relief.