**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONARD HOFFMAN, | No. 09-35083 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-00272-JWS |
| v. | |
| FRANK LUNA, Warden, R.R.C.C., | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted January 12, 2010[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA and TALLMAN, Circuit Judges.

Leonard J. Hoffman ("Hoffman") appeals the district court's denial of his

petition for a writ of habeas corpus. Hoffman was convicted in Alaska state court

of various criminal offenses including assault, sexual assault, arson, witness

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

tampering, and interference with an official proceeding. On direct appeal, the Court of Appeals of Alaska held that the trial judge erred by not telling the lawyers about the jury note, but concluded that the error was harmless beyond a reasonable doubt. After the Court of Appeals of Alaska denied Hoffman's state petition for a writ of habeas corpus, Hoffman filed a federal petition. The district court denied Hoffman's petition because the Court of Appeals of Alaska's decision on direct appeal was not contrary to, or an unreasonable application of, clearly established federal law.

It was reasonable for the Alaska state court to conclude that the ex parte communications between the trial judge and the jury had no "adverse influence on the jury's decision to listen to the testimony of the requested witnesses" and that "there was no reasonable possibility that" telling the jury the length of the requested testimony "discouraged or deterred the jury from pursuing its request." *Hoffman v. State*, 950 P.2d 141, 146 (Alaska Ct. App. 1997). Therefore, applying the Anti-Terrorism and Effective Death Penalty Act, we must defer to the state court's determination. *See Mitchell v. Esparza*, 540 U.S. 12, 17–18 (2003). The district court properly denied federal habeas relief.

**AFFIRMED.**