FILED

APR 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL JOSEPH WHITE, | No. 07-16811 |
| Petitioner - Appellant, | D.C. No. CV-05-03212-FJM |
| v. | |
| DORA B. SCHRIRO; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Michael Joseph White appeals pro se from the district court's judgment

denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28

U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

White contends that the Arizona Department of Corrections violated his due process rights by determining that he was not entitled pursuant to Arizona law to the deduction of good-time credits. However, the Arizona superior court did not unreasonably apply clearly established federal law as determined by the Supreme Court by concluding that White had failed to demonstrate that he had a liberty interest in the application of these credits. *See Meachum v. Fano*, 427 U.S. 215, 226 (1976); *see also Wolff v. McDonnell*, 418 U.S. 539, 558-59 (1974).

To the extent that White contends that the rule of lenity applies, this contention fails. The record reflects that the Arizona state court concluded that the legislative scheme is unambiguous, and this court is bound by the state court's interpretation of its laws. *See Mitchell v. Esparza*, 540 U.S. 12, 17 (2003); *see also Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir. 2003). Because the rule of lenity is appropriate only where there is statutory ambiguity, it does not apply in this case. *See United States v. Johnson*, 529 U.S. 53, 59 (2000).

**AFFIRMED.**