**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JASON J. PAYNE, | No. 10-16813 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-04712-JSW |
| v. | |
| JOE MCGRATH, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

|  |  |
|---|---|
| TORIANO YOUNG, | No. 10-16820 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-03905-JSW |
| v. | |
| JOE MCGRATH, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted November 15, 2011
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

California state prisoners Jason Payne and Toriano Young ("petitioners") appeal the district court's denial of their 28 U.S.C. § 2254 habeas corpus petitions. We affirm. Because the parties are familiar with the factual and legal history of this case, we need not recount it in detail here.

This case has a number of disturbing aspects. The jurors and the prosecution team lunched and drank alcohol together following the verdict. At the lunch, one of the jurors commenced a romantic relationship with the lead detective, who was a key prosecution witness. The trial judge ordered the prosecutor, who was a percipient witness, to submit an affidavit disclosing how he came to know of the relationship. But the prosecutor failed to do so until four years had passed and the trial judge had lost jurisdiction of the case. When confronted with the allegation of potential juror bias, the trial judge prohibited defense counsel from contacting the jurors, although the jurors had obviously been in close post-trial contact with the prosecution team.

However, the propriety of the post-trial activities is not relevant to our inquiry. The narrow question before us on federal habeas review is actual juror bias and, more specifically, whether the California Court of Appeal's decision denying relief was "contrary to, or involved an unreasonable application of, clearly

-2-

established Federal law, as determined by the Supreme Court." *Mitchell v. Esparza*, 540 U.S. 12, 15 (2003) (quoting 28 U.S.C. § 2254(d)(1)). There is no suggestion that the petitioners were otherwise denied a fair and constitutionally adequate trial.

The Supreme Court has "long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." *Smith v. Phillips*, 455 U.S. 209, 215 (1982). The Court, however, has never defined the scope of such hearings or detailed all of the contexts in which they are required. In construing Supreme Court guidance, we have endorsed "a flexible approach when determining what steps to take in response to alleged juror bias." *Tracey v. Palmateer*, 341 F.3d 1037, 1043 n.4 (9th Cir. 2003).

In this case, shortly after learning of the post-verdict social relationship between the state's detective and one of the jurors, the trial court judge investigated the possibility of juror bias by holding a hearing to question both the detective and the juror about their relationship. The judge permitted the petitioners to attend the hearing and defense counsel to participate in the examination. Although nothing in this hearing revealed any evidence of pre-verdict contact between the juror and the detective, the trial court continued to consider the possibility of juror bias in several more hearings with the prosecutor and defense counsel. No evidence of

-3-

any pre-trial contact between the juror and the detective was produced at any of these proceedings. By conducting these hearings, the trial court satisfied its duty "to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Smith*, 455 U.S. at 217. The state trial judge concluded that the juror was truthful in stating that the relationship had not commenced prior to the verdict. Perhaps the trial judge could have conducted a more thorough examination, and the judge's decision to limit the defense inquiry is questionable. However, taking due consideration of all of the circumstances, the California Court of Appeal's conclusion that the trial court's investigation did not deny petitioners due process was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

Petitioners also contend that the trial court's investigation was constitutionally inadequate because it did not inquire into the possibility of implied bias. It is true that in certain "extraordinary cases, courts may presume bias based on the circumstances." *Dyer v. Calderon*, 151 F.3d 970, 981 (9th Cir. 1998); *see also Smith*, 455 U.S. at 222 (O'Connor, J., concurring). Bias is to be assumed "where the relationship between a . . . juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances." *United States v. Gonzalez*, 214 F.3d 1109,

1112 (9th Cir. 2000) (quoting *Tinsley v. Borg*, 895 F.2d 520, 527 (9th Cir. 1990)) (internal quotation marks omitted).

None of the situations that have been identified as indicating possible implied bias are reflected here. *See Smith*, 455 U.S. at 222 (O'Connor, J., concurring) (giving examples of situations where bias might be presumed); *Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1062 (9th Cir. 1997) (describing four situations where juror bias might be implied). Even considering that the presence of implied bias may not be limited to these situations, it cannot be said that this "case present[s] a relationship in which the potential for substantial emotional involvement, adversely affecting impartiality, is inherent." *United States v. Gonzalez*, 214 F.3d at 1112 (quoting *United States v. Plache*, 913 F.2d 1375, 1378 (9th Cir. 1990)) (internal quotation marks omitted).

The state court found that the relationship commenced after the verdict. Considering this lack of pre-trial contact, it cannot be said that the trial court's failure to imply bias or investigate implied bias was contrary to, or an unreasonable application of, Supreme Court precedent. Petitioners suggest that if the juror had formed an attraction for the lead detective during trial, we should conclude that the juror was impliedly biased. However, there is no support in Supreme Court

-5-

jurisprudence for such a holding, and there is no factual basis in the record to support a finding of implied bias.

The petitioners received a fair trial, and there is no basis in the record for concluding that actual or implied juror bias warranted a new trial. Given all these considerations, the district court was correct in denying federal habeas relief.

**AFFIRMED.**

Payne v. McGrath, 10-16813, and Young v. McGrath, 10-16820

GOULD, Circuit Judge, Concurring:

I concur but add these views: The salient fact is that after conviction through trial by jury, the state trial court learned that the government's lead witness detective and an involved juror had developed a personal dating relationship after the trial concluded. It would have been a superior state court proceeding, and consistent with the traditional values we give to advocacy, if the trial judge had permitted counsel's inquiry to all jurors if any were aware of a relationship between the government's lead witness detective and the involved juror commencing before the verdict was rendered and the jury dismissed. In my view the only pertinent issue concerned timing. If the relationship developed during trial, then I would conclude that habeas corpus relief would be warranted because of implied bias, but if it started after trial, it would not have affected the verdict.

Notwithstanding, I agree that no United States Supreme Court decision has precisely defined the scope of a proceeding to be undertaken by a state court to assess possible juror bias. Because the state appellate court found no abuse of discretion in how the trial court handled the potential juror bias matter, with the state court judge holding a purposeful hearing, inquiring of the detective and the juror, and having each of them answer under oath that the relationship started after trial, and because the deferential Anti-terrorism and Effective Death Penalty Act

would only permit relief upon determination that the state court made a ruling contrary to, or an objectively unreasonable application of, a precedent of the United States Supreme Court, 28 U.S.C. § 2254(d)(1), I agree that we cannot give habeas corpus relief to state prisoners Payne and Young, and must affirm the district court.