KELLY, Circuit Judge,
concurring in the judgment.
The outcome of this case turns on the Minnesota Supreme Court’s determination that the inadmissible portion of Davis’s statement to Sergeant Karakostas was exculpatory, cumulative, and not more damaging to Davis’s credibility than the admissible portion of the statement. I disagree, and believe that the state court was incorrect in concluding that the admission of Davis’s statement was harmless beyond a reasonable doubt. However, because we are limited to considering whether the state court’s decision was an unreasonable application of federal law, I concur in the judgment of the court.
The inadmissible portion of Davis’s statement was not truly exculpatory because it unequivocally placed him in the apartment at the time of the shooting. Though he denied having committed the actual shooting, his explanation of his presence in the apartment was the only evidence that directly placed him at the scene of the crime. For this same reason, the statement was not cumulative. Though other evidence linked Davis to the crime scene generally, only his own words placed him in that exact apartment at the precise time of the shooting. And while Davis’s credibility was already damaged by the admissible portion of his statement, I believe it was undoubtedly more damaging for the jury to hear two inconsistent stories about the events surrounding the shooting from Davis himself. Though the jury could certainly have found the admissible portion of Davis’s statement not credible in light of the other evidence in the case, hearing the full statement all but guaranteed that they would be unwilling to find any aspect of his defense credible. Given the perhaps intangible but definitely harmful effects the entirety of Davis’s statement could have had on the jury, I could not conclude that it was harmless beyond a reasonable doubt. Ayala, 135 S.Ct. at 2197; see also Garcia v. Long, 808 F.3d 771, 782 (9th Cir. 2015) (improper admission of the defendant’s confession was not harmless where his “initial denial of the allegations and subsequent contradictory admission seriously undermined his own credibility and correspondingly bolstered [the victim’s] credibility”); Gov’t of Virgin Islands v. Davis, 561 F.3d 159, 166-67 (3d Cir. 2009) (the prosecutor’s improper references to the defendant’s failure to provide his exculpatory version of events to the police was not harmless, where “the conflicting versions of the shooting” meant that “the credibility of the witnesses was crucial to the jury’s verdict”); Velarde v. Shulsen, 757 F.2d 1093, 1095 (10th Cir. 1985) (“where the very essence of a case is the jury’s evaluation of defendant’s credibility, the admission of tainted evidence [damaging the defendant’s credibili *668 ty] cannot be considered harmless”); Grizzell v. Wainwright, 692 F.2d 722, 726 (11th Cir. 1982) (where substantial evidence placed the defendant at the scene of the crime, but his own testimony exonerated him from the crime itself, the erroneous admission of misdemeanor convictions to impeach his credibility was not harmless); Hinman v. McCarthy, 676 F.2d 343, 350-52 (9th Cir. 1982) (admission of the defendant’s statement, obtained in violation of his Miranda rights, was not harmless where the statement impeached the defendant’s testimony that he had no intent to rob the victim). Though the jury could have found Davis guilty even without the inadmissible portion of the statement, I am unable to summon any certainty that the admission of the statement did not contribute to the jury’s verdict. Mitchell, 540 U.S. at 18, 124 S.Ct. 7.
However, on our review of the Minnesota Supreme Court’s decision, we may not directly apply the harmless error standard to the facts of this case, but must instead consider whether the Minnesota Supreme Court’s application of the standard was objectively unreasonable. Id.; Ayala, 135 S.Ct. at 2197-98. Though I disagree, I cannot say that it was unreasonable for the state court to conclude that the inadmissible portion of the statement was harmless beyond a reasonable doubt. The court eould have reasoned that because the literal words of the statement did exculpate Davis from the actual shooting, and because there was other evidence linking him to the crime, the jury’s verdict was “surely unattributable” to the inadmissible portion of Davis’s statement. United States v. Holmes, 620 F.3d 836, 846 (8th Cir. 2010). The Minnesota Supreme Court’s decision, though in my view incorrect, was not “so lacking in justification that there was an error ... beyond any possibility for fair-minded disagreement.” Ayala, 135 S.Ct. at 2199 (quoting Harrington, 562 U.S. at 103, 131 S.Ct. 770). Accordingly, I concur in the judgment of the court.