**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7552

ANTHONY CLARK ODOM,

       Petitioner – Appellant,

    v.

JERRY B. ADGER,

       Respondent – Appellee,

and

DIRECTOR BRIAN WILSON; PETITIONERS PROBATION AGENT, South Carolina Department of Probation, Parole, and Pardon Services,

       Respondents.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Margaret B. Seymour, Senior District Judge. (5:15-cv-03249-MBS)

Argued: December 7, 2017                  Decided: January 19, 2018

Before TRAXLER, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished opinion. Judge Harris wrote the opinion, in which Judge Traxler and Judge King joined.

**ARGUED:** Brian Deen McDaniel, LAW OFFICE OF BRIAN MCDANIEL, LLC, Beaufort, South Carolina, for Appellant. Caroline M. Scrantom, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee. **ON BRIEF:** Alan Wilson, Attorney General, Donald J. Zelenka, Deputy Attorney General, Melody J. Brown, Senior Assistant Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

A jury convicted Anthony Odom of criminal solicitation of a minor after he engaged in sexually explicit online communications with an undercover police officer posing as a young girl. State law required the prosecution to prove that Odom was at least 18 years old at the time of his online messages. S.C. Code Ann. § 16-15-342. Instead, and over Odom's objection, the trial court took judicial notice of Odom's birthdate – which put him well over age 18 – and instructed the jury not to deliberate on that element of the offense.

On appeal, the Supreme Court of South Carolina held that by effectively directing a verdict on the element of Odom's age, the trial court committed constitutional error. It nevertheless affirmed Odom's conviction, reasoning that the error was subject to harmless-error review and was indeed harmless. Odom petitioned for relief under § 2254, and the district court denied relief under the harmless-error standard. For the reasons below, we affirm.

## I.

### A.

In May of 2006, Odom entered an internet chat room, where he solicited an individual he believed to be a minor. In fact, Odom was chatting with a law enforcement officer pretending to be a young girl, as part of a sting operation against sexually predatory adult behavior. Odom was charged with criminal solicitation of a minor under South Carolina law, which requires that the defendant be 18 years of age or older at the

time of the solicitation. *See State v. Odom*, 772 S.E.2d 149, 151 & n.1 (S.C. 2015) (quoting S.C. Code Ann. § 16-15-342).[1]

At Odom's trial, the prosecution introduced evidence of online communications between Odom and Officer Mark Patterson, who had adopted the online persona of a 13-year-old girl named Jennifer. Patterson testified at trial, explaining that Odom, who identified himself as 40 years old, "began asking questions of a sexual nature" after Patterson presented himself as a 13-year old. J.A. 45. Patterson also showed the jury transcripts of his chats with Odom.

To prove Odom's age, the prosecution sought to rely on certified copies of Department of Motor Vehicle records showing Odom's birthdate. The defense objected, arguing that the state had failed to disclose the records to the defense before trial, as required by state criminal procedure rules, and refused to stipulate to Odom's age. The prosecution clarified that it was not proposing to introduce the records into evidence, but instead that the court take judicial notice of Odom's birthdate. The defense continued to object, on the ground that a court may not take judicial notice of an element of a criminal offense.

The trial court granted the prosecution's request, taking judicial notice of Odom's birthdate as reflected in the Department of Motor Vehicles records and instructing the jury that it had done so. The court also identified Odom's birthdate for the jury, and

---

[1] An earlier prosecution of Odom, based on additional chatroom encounters with undercover officers during the spring of 2006, ended in a mistrial. *State v. Odom*, 772 S.E.2d 149, 152 n.4 (S.C. 2015).

4

explained to the jury that it "must find [the date of birth] conclusive" and was "not allowed to debate [it]." J.A. 62. The court gave the same instruction at the end of the trial.

**B.**

On direct appeal, Odom argued that the trial court committed constitutional error when it took judicial notice of his birthdate, relieving the prosecution of the burden of proving an element of his offense. The Supreme Court of South Carolina agreed, holding that "[t]he taking of judicial notice of [Odom's] date of birth was tantamount to a directed verdict on the element of the accused's age, a practice which is clearly forbidden." *Odom*, 772 S.E.2d at 156. But that error, the court continued, did not require reversal of Odom's conviction. Noting that "most constitutional errors can be harmless," *id.* (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)), the court relied on *Neder v. United States*, 527 U.S. 1 (1999), to conclude that the failure to send an element of an offense to the jury for decision is subject to harmless-error review. And in light of other evidence that Odom was 18 years or older at the time of the offense – namely, Odom's representation that he was 40 during his chat with Patterson and the jury's ability to observe Odom during trial – the court held that the error in this case was harmless beyond a reasonable doubt.

Odom filed a habeas petition in federal court under 28 U.S.C. § 2254, raising the same claim. According to Odom, the trial court's judicial-notice error was one of a small group of "structural errors" that are not subject to harmless-error review and instead call for automatic reversal. A magistrate judge recommended denying the petition, and the

5

district court adopted that recommendation. Like the Supreme Court of South Carolina, the district court relied on *Neder* to hold that "[j]ury instructions that omit an element of an offense" are not within the "limited class" of automatically reversible structural errors, but are instead governed by the harmless-error standard. J.A. 137–38. The district court also agreed that the error in this case was harmless, and accordingly dismissed Odom's petition.

This timely appeal followed. We granted a certificate of appealability to decide one question only: whether the district court correctly concluded that the trial court's error in taking judicial notice of Odom's age, an element of the crime, was subject to harmless-error review.

## II.

We review the district court's denial of a habeas petition de novo. *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012). Our analysis is circumscribed, however, by the amendments to 28 U.S.C. § 2254 enacted in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, we may not grant relief on a claim adjudicated on the merits in a state court proceeding unless, as relevant here, the state court's determination is "contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The government does not dispute that the trial court erred when it took judicial notice of Odom's birthdate instead of submitting the issue to the jury: Due process

6

requires the prosecution to prove every element of a criminal offense beyond a reasonable doubt, *In re Winship*, 397 U.S. 358, 364 (1970), and that the defendant is over 18 is an element of criminal solicitation of a minor under state law, *State v. Reid*, 679 S.E.2d 194, 202 (S.C. Ct. App. 2009); *Odom*, 772 S.E.2d at 151, 155–56. But the fact that a constitutional error has been committed does not "automatically require reversal of a conviction." *Fulminante*, 499 U.S. at 306. Instead, if the government, on appeal, can show "beyond a reasonable doubt that the error complained of did not contribute" to the guilty verdict, then the error generally is deemed harmless and the conviction may be affirmed. *Neder*, 527 U.S. at 15–16.

There are exceptions, however. The Supreme Court has identified a narrow class of constitutional errors as "structural," in that they undermine the entire "framework within which the trial proceeds," rather than being simply errors "in the trial process itself." *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907 (2017) (quoting *Fulminante*, 499 U.S. at 310). Errors of this sort – for instance, the total deprivation of trial counsel, or trial before a biased judge, *see Fulminante*, 499 U.S. at 309–10 – are not subject to harmless-error review at all. Instead, "where there is an objection at trial and the issue is raised on direct appeal, the defendant generally is entitled to automatic reversal regardless of the error's actual effect on the outcome." *Weaver*, 137 S. Ct. at 1910 (internal quotation marks omitted).

At issue in this case, then, is whether the trial court's judicial-notice error, raised by the defendant at trial and on appeal, is within the small category of structural errors for which automatic reversal is the remedy, or whether it is subject to standard harmless-

error review.  And because the issue arises in the context of a § 2254 petition, the narrow question before us is whether the state supreme court's resolution of that issue – that a trial court's judicial notice of an element of a crime is subject to harmless-error analysis – is contrary to or an unreasonable application of clearly established Supreme Court precedent under § 2254(d)(1).  We conclude that the state supreme court's holding falls well within the parameters of § 2254(d)(1).

For his contrary position, Odom relies exclusively on *Sullivan v. Louisiana*, 508 U.S. 275 (1993), in which the Supreme Court held that failure to instruct a jury properly on the reasonable-doubt standard constitutes structural error that is not amenable to harmless-error review.  *Id.* at 281–82; *see Weaver*, 137 S. Ct. at 1908 (discussing *Sullivan*).  According to Odom, the upshot of the error in this case is the same as in *Sullivan*:  When the trial court took judicial notice of his birthdate, Odom was "deni[ed] the right to a jury verdict of guilt beyond a reasonable doubt" on the element of his age at the time of the charged offense, fatally undermining the structural right to trial by jury. *See Sullivan*, 508 U.S. at 281–82.  And indeed, in *United States v. Johnson*, 71 F.3d 139, 142–44 (4th Cir. 1995), this court applied *Sullivan* to find that a trial court committed structural error, warranting automatic reversal, when it instructed that an element of the charged offense had been established as a matter of law instead of leaving it to the jury to make that finding.

The problem for Odom is that *Sullivan* is not the Supreme Court's last word on this subject.  As the Supreme Court of South Carolina recognized, six years after *Sullivan*, the Supreme Court considered in *Neder v. United States* whether the erroneous

8

omission of an element of a crime from jury instructions – in that case, a failure to instruct on materiality in a fraud trial – is subject to harmless-error review. Recognizing that such an error "prevent[s] the jury from making a finding on [an] element" of the criminal offense, 527 U.S. at 11, the Court nevertheless concluded that harmless-error review applies. The "absence of a 'complete verdict' on every element of the offense," the Court explained, establishes no more than the fact of a constitutional error; it does not amount to a structural error warranting automatic reversal. *Id.* at 12. The Court declined to "extend the reasoning of *Sullivan* . . . to a failure to instruct on an element of the crime," reasoning that a defective reasonable-doubt instruction "vitiates *all* the jury's findings," in contrast to an improper or omitted instruction on a single element of an offense. *Id.* at 10–11, 15 (internal quotation marks omitted).

As the state supreme court observed, this case has much in common with *Neder*. As in *Neder*, the trial court's error – here, taking judicial notice of Odom's birthdate – had the effect of "preclud[ing] the jury from making a finding" on an element of the charged offense, resulting in "the absence of a 'complete verdict' on every element" of criminal solicitation of a minor. *See id.* at 10, 12. But also as in *Neder*, the error in question did not "vitiate *all* the jury's findings," *see id.* at 11 (internal quotation marks omitted), making it possible to distinguish *Sullivan*'s treatment of defective reasonable-doubt instructions as structural errors. *See Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam) (distinguishing *Neder* from *Sullivan* on this ground).

We are mindful of the limited scope of our review under § 2254(d)(1). We need not decide whether the trial court's "directed verdict" on the element of Odom's age, *see*

9

*Odom*, 772 S.E.2d at 156, is tantamount in all respects to the omitted materiality instruction in *Neder*, necessarily compelling the application of harmless-error review.[2] The only question before us today is whether the Supreme Court of South Carolina "unreasonably" concluded that this case is closer to *Neder* than to *Sullivan*, so that harmless-error review applies. *See Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) ("In order for a federal court to find a state court's application of [Supreme Court] precedent unreasonable, the state court's decision must have been more than incorrect or erroneous. The state court's application must have been objectively unreasonable." (internal quotations marks and citations omitted)). In light of *Neder*'s holding that the omission of an element of a charged offense from jury instructions is non-structural error subject to harmless-error review, the state court's determination in this case was by no means "objectively unreasonable" under 28 U.S.C. § 2254(d)(1).

## III.

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*

---

[2] By the same token, we may leave for another day the status of *United States v. Johnson*, 71 F.3d 139 (4th Cir. 1995), treating as structural error what was effectively a directed verdict on an element of an offense, in light of the Supreme Court's subsequent decision in *Neder*.