# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2022

Lyle W. Cayce
Clerk

No. 21-50315

United States of America,

*Plaintiff—Appellee*,

*versus*

Samuel Morales,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-159-2

Before Southwick, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:*

Samuel Morales appeals his conviction for conspiracy to possess with intent to distribute 100 grams or more of heroin. He argues that there was

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

insufficient evidence to support his conviction, and that the district court erred in admitting certain hearsay testimony.[1] We AFFIRM.

With respect to the insufficient evidence challenge, Morales's conviction arises out of an alleged conspiracy with another individual, George Galindo. The evidence presented supported the conclusion that Galindo, who left his visit with Morales carrying a black camera bag that contained 139 grams of heroin, obtained that bag during his visit with Morales. Aside from the black camera bag, there was additional evidence and testimony that would allow the jury to reasonably infer that Morales agreed to, knew of, and voluntarily participated in a drug conspiracy with Galindo, including: (1) the ledger found in Morales's motel room with his name in it, (2) the motel receipts that investigators found in Morales's room, (3) Sergeant Sanchez's testimony regarding motel room use by drug dealers, (4) Morales's admission that he knew Galindo, and (5) Morales's dishonesty regarding the reason Galindo was at the motel.

In light of this evidence, any rational trier of fact could have found beyond a reasonable doubt that Morales knowingly and voluntarily agreed with Galindo to possess with intent to distribute 100 grams or more of heroin. *See United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013) (per curiam). We

---

[1] We review properly preserved sufficiency of the evidence claims de novo. *See United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013) (per curiam). Nevertheless, we give substantial deference to the jury verdict. *See id.* Viewing the evidence in the light most favorable to the Government, we only ask "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

We review a properly preserved objection concerning an evidentiary ruling for abuse of discretion. *United States v. Watkins*, 591 F.3d 780, 786 (5th Cir. 2009). However, when counsel fails to properly preserve an objection, we review only for plain error. *See United States v. Thompson*, 454 F.3d 459, 464 (5th Cir. 2006).

therefore decline to reverse the district court based on Morales's sufficiency of the evidence argument.

Morales also argues that the district court erred in allowing alleged hearsay testimony concerning the circumstances of his 2009 possession offense. Although it is debatable whether he properly preserved this objection, we conclude that, even assuming arguendo the hearsay challenge was properly made and that the comments in question were hearsay, he still does not prevail. Morales's argument fails because the admission of the testimony in question did not affect Morales's substantial rights under a harmless error analysis.[2] *See* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

For similar reasons, we decline to reverse based on the Government's reference to the alleged hearsay in its closing argument. Because defense counsel failed to object to the Government's closing, we review for plain error. *See United States v. Oti*, 872 F.3d 678, 690 (5th Cir. 2017). As discussed above, nothing suggests that the alleged hearsay affected Morales's "substantial rights," so he fails the third prong of plain error review. *See id.*; *see also United States v. Pena*, 720 F.3d 561, 574 n.9 (5th Cir. 2013) ("Although the government assessed the impact of the court's condition under a harmless-error standard, its arguments are still germane to our plain-error analysis.").

---

[2] It is notable that Morales is *not* raising a constitutional error, which, to be harmless, requires a finding "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Mitchell v. Esparza*, 540 U.S. 12, 17–18 (2003) (per curiam) (quotation omitted).

No. 21-50315

For the foregoing reasons, we AFFIRM Morales's conviction and sentence.