# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60325

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2014

Lyle W. Cayce
Clerk

DESMOND D. WALTON

Petitioner-Appellant

v.

JACQUELYN BANKS

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:09-CV-117

Before JONES, ELROD and HAYNES, Circuit Judges.

PER CURIAM:*

Pursuant to a grant of a certificate of appealability, Desmond D. Walton, Mississippi prisoner # 113961, appeals the district court's denial of his 28 U.S.C. § 2254 petition on the issue whether the trial court's refusal to suppress the videotape of his custodial statement warrants habeas relief. For the following reasons, we AFFIRM the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60325

## I.

Walton was convicted by a jury of murdering drug dealer Patrick Anderson and was sentenced to life imprisonment. *See Walton v. State*, 998 So. 2d 1011 (Miss. Ct. App. 2007). His conviction was affirmed by the state supreme court. *Walton v. State*, 998 So. 2d 971 (Miss. 2008).

Aside from his videotaped statement, in which Walton eventually asserted that he had shot Anderson in self defense, the jury heard from two eyewitnesses that Walton shot Anderson and a third witness to whom Anderson confessed. The facts are stated in depth by the state court opinions and the opinions of the federal magistrate judge and district judge.[1]

The only issue before us, which Walton has consistently pursued, concerns whether relief should be granted because the trial court erroneously admitted his statement that was videotaped without Miranda warnings. Walton was taken into custody and, while in custody, he was interviewed on two occasions. The interviews were videotaped but not transcribed. An agent with the Drug Enforcement Agency conducted the first interview concerning incidents unrelated to the murder of Anderson. This interview was terminated when Walton stated he did not want to continue to answer questions. This videotape was suppressed by the trial judge after the agent's refusal to appear in Mississippi to testify. After this interview, as Walton was being escorted back to his cell, a police officer told him that if he were going to make a statement to help himself, "now was the time." The second interview was conducted by a detective with the Hattiesburg police department. For most of the interview, Walton maintained his innocence. Walton then claimed that he had gone to Anderson's house to buy drugs and that, during the drug exchange,

---

[1] The district judge adopted the magistrate judge's report after *de novo* review and with additional comments.

2

No. 12-60325

Anderson pulled out a gun and Walton shot him in self-defense.  This interview was played for the jury by the prosecution, and the defense used portions when cross-examining adverse witnesses.  Walton did not, however, take the stand.

Walton appealed his conviction and sentence, arguing, *inter alia*, that this custodial statement should have been suppressed.  *Walton*, 998 So. 2d at 1014-15.  The state conceded error in admission of the statement, arguing that the error was harmless in light of overwhelming evidence against Walton.  Both state appellate courts agreed with this analysis.

The Mississippi Supreme Court determined that "even without the videotaped statement, based on the overwhelming weight of the evidence of Walton's guilt as revealed in the record before us, a jury would have found beyond a reasonable doubt that Walton was guilty of the murder of Anderson." *Walton*, 998 So. 2d at 976 (citing, *inter alia*, *Chapman v. California*, 386 U.S. 18, 22, 87 S. Ct. 824, 827 (1967)).  The Mississippi Supreme Court specifically noted the following:

> Three of the four co-defendants present on the day of the murder testified that Walton was the shooter.  Two of these co-defendants were eyewitnesses to the murder.  Another co-defendant, Michael Love, testified that Walton admitted to being the shooter.  Michael Love recalled Walton saying, "Man I did him [Anderson]; I had to do him."  Had the videotape [of Walton's interview] been properly excluded, the jurors still would have had the opportunity to assign the same amount of weight and credibility to the witnesses; therefore, the overwhelming weight of the evidence points to the guilt of the accused.  It is not the role of this Court to usurp the jury as final arbiter of the weight and credibility assigned to the testimony of witnesses.  This Court repeatedly has held that the proper role of jurors is to resolve factual disputes by assigning the proper credibility to witnesses[.]

*Id.*

A dissent to the Mississippi Supreme Court's majority opinion concluded that the evidence in the case–without Walton's statement—was not

No. 12-60325

"overwhelming"; "[o]ther than the admitted participants to the crime, there were no witnesses, and there was no physical evidence pointing to Walton." *Id*. at 978. The dissent further noted that, under Mississippi law, the testimony of an accomplice must be viewed with "great caution and suspicion." *Id*. (internal quotation and citation omitted). The dissent therefore concluded that the admission of the videotaped statements was not harmless error. *Id*.

Having exhausted state remedies, Walton contended in the instant § 2254 petition that the trial court erred in refusing to suppress the videotape of his custodial statements. The magistrate judge recommended denying Walton's § 2254 petition. *Walton v. Banks*, 2012 WL 899296 (S.D. Miss. Jan. 5, 2012). The magistrate judge found that the trial court's error in admitting Walton's non-Mirandized custodial statement did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Id*. at *4 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722 (1993)). In addition to the evidence noted by the Mississippi Supreme Court, the magistrate judge noted the following. Any inconsistencies in the witnesses' testimony were pointed out to the jury by defense counsel during cross-examination. The co-defendants' statements were given <u>before</u> any deals were offered or charges were brought by the grand jury. The co-defendants' statements were given before they were housed in a cell together. Defense counsel spent substantial time cross-examining the witnesses while playing portions of the video to point out that Walton was worn down after hours of interrogation and that prior to stating that he shot Anderson in self-defense, he repeatedly denied shooting anyone. Counsel pointed out that Walton was threatened with the death penalty by the interrogators, even though his crime did not actually carry the death penalty. Finally, the jury was instructed to determine the weight of the video statement in light of the manner it was

4

No. 12-60325

obtained and that they should disregard it if they believed it to be untruthful, inaccurate, or involuntary. Walton objected to the magistrate judge's report.

As noted above, the district court, after conducting a *de novo* review, adopted the report, and dismissed Walton's § 2254 petition with prejudice.

**II.**

In an appeal from the denial of habeas relief, this court reviews the district court's conclusions *de novo* and its findings of fact for clear error. *Austin v. Cain*, 660 F.3d 880, 884 (5th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1914 (2012). Our inquiry is guided by the highly deferential review standard afforded to state court adjudications under AEDPA, 28 U.S.C. § 2254. *See Hearn v. Thaler*, 669 F.3d 265, 271 (5th Cir. 2012). Under AEDPA, a federal court may not grant habeas relief on a claim that was adjudicated on the merits by a state court unless the state court decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). "Clearly established Federal law" refers to holdings of the Supreme Court at the time of the state court's decision. *See Williams v. Taylor*, 529 U.S. 362, 379-84, 120 S. Ct. 1495, 1505-08 (2000). Factual findings by the state court "are presumed to be correct, and a petitioner has the burden of rebutting this presumption with clear and convincing evidence." *Brown v. Dretke*, 419 F.3d 365, 371 (5th Cir. 2005) (citing 28 U.S.C. § 2254(e)(1)).

No. 12-60325

The issue before us, put in terms of the AEDPA standard of review, is not whether the state courts' determination of harmlessness was incorrect, but whether the harmlessness decision itself was unreasonable.[2]

In *Fry v. Pliler*, the Court held that the more deferential standard announced in *Brecht* applies on habeas review to determine the harmlessness of trial errors instead of the tougher standard espoused in *Chapman*.[3] *Brecht* requires a showing of actual prejudice: "substantial and injurious effect on the jury's verdict," *Brecht*, 507 U.S. at 623, 113 S. Ct. 1714.

The Mississippi Supreme Court correctly asked on direct review "whether the error was harmless beyond a reasonable doubt upon review of the weight of the evidence," based on the test set forth in *Chapman*. *Walton*, 998 So. 2d at 976. The Mississippi Supreme Court conducted a *de novo* review of the record, carefully "examin[ing] the facts, the trial context of the error, and the prejudice thereby as juxtaposed against the strength of the evidence of defendant's guilt." *Walton*, 998 So. 2d at 1014.

Walton has not offered a convincing argument that this review was contrary to, or involved an unreasonable application of, clearly established Federal law. On appeal, Walton argues only that the testimony of key witnesses was conflicting and contradictory. Walton adds that the co-defendants' testimony was not sufficient evidence to convict him for murder. While recognizing the persuasive power of a defendant's confession, the district

---

[2] *Fry v. Pliler*, 551 U.S. 112, 119, 127 S. Ct. 2321, 2326 (2007) (*citing Mitchell v. Esparza*, 540 U.S. 12, 124 S. Ct. 7 (2003) (per curiam)). Walton persists in asserting that because the videotape is conceded to have been erroneously admitted, the violation necessitates habeas relief. This is wrong. The state courts had to decide and did decide whether the wrongfully admitted evidence prejudiced his defense.

[3] *Chapman* examined harmlessness beyond a reasonable doubt. 386 U.S. at 24, 87 S. Ct. at 828.

court held that the record did not support Walton's contention. Indeed, multiple witnesses stated that they witnessed Walton shoot the victim or that Walton admitted to shooting the victim. These statements were given before any deals were offered or charges brought by the grand jury and prior to the co-defendants' being housed in a cell together. There were inconsistencies in the testimony and statements given by co-defendants, and there was no physical evidence linking Walton to the shooting, but the bias and minor inconsistencies were developed in cross-examination. Without repeating what all the state and federal reviewing courts have said about the evidence, we conclude that the state courts were not unreasonable in determining that the error in admitting Walton's statement did not have a substantial and injurious effect on the verdict.[4]

### III.

For these reasons, the judgment denying Walton's § 2254 motion is **AFFIRMED**.

---

[4] Walton also filed a COA on June 4, 2012, in which he sought an evidentiary hearing "as this court may deem necessary or . . . appropriate" on "the issue of the videotape statement and the surrounding evidence the respondent [has] against Walton." We are confined to the state court record in habeas review absent very serious deficiencies. *Cullen v. Pinholster*, ___ U.S. ____, 131 S. Ct. 1388 (2011); *Lewis v. Thaler*, 701 F.3d 783, 790 (5th Cir. 2012). No such deficiencies were exposed; the motion was properly denied.