FILED

NOT FOR PUBLICATION

JAN 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR NEVAREZ,<br><br>                    Petitioner - Appellant,<br><br>    v.<br><br>JOHN N. KATAVICH, Warden,<br><br>                    Respondent - Appellee. | No. 12-56058<br><br>D.C. No. 2:09-cv-05703-DMG-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted December 12, 2014
Pasadena, California

Before:  GRABER, GOULD, and CALLAHAN, Circuit Judges.

    Petitioner Arthur Nevarez appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas corpus petition challenging his jury convictions of assault with a

firearm, corporal injury to a spouse, dissuading a witness with force, firearm and

_____

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

ammunition possession by a felon, and attempted criminal threats. He contends that the admission of his son's statements at trial deprived him of his right to confrontation under the Sixth Amendment. *See Crawford v. Washington*, 541 U.S. 36 (2004). He further contends that his appellate counsel's failure to raise the Confrontation Clause claim on direct appeal constituted ineffective assistance of counsel.

Nevarez raised these claims, among others, to the California Superior Court of Santa Barbara, which denied his petition. The Superior Court held that the son's statements were nontestimonial, but also held:

> In any event, petitioner fails to show prejudice; there was strong independent evidence of petitioner's guilt, including the victim's statements to police, her physical injuries, and the discovery of a shotgun in petitioner's car following detention. Petitioner, simply put, has failed to demonstrate the appellate counsel was ineffective for raising any of the issues contained in the petition.

The Court of Appeal and California Supreme Court subsequently summarily denied his petition.

Nevarez filed his federal habeas petition, asserting the same Confrontation Clause and the ineffective assistance of counsel claims. The district court rejected the claims, and Nevarez timely appeals.

2

Habeas petitions filed after April 24, 1996, are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005). AEDPA establishes a "'highly deferential standard for evaluating state-court rulings.'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). Because the state court adjudicated Nevarez's Confrontation Clause claim on the merits, we may grant relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Earp*, 431 F.3d at 1166.

The United States Supreme Court has interpreted the Sixth Amendment's Confrontation Clause to bar the government from introducing "'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant . . . had a prior opportunity for cross-examination.'" *Davis v. Washington*, 547 U.S. 813, 821 (2006) (quoting *Crawford*, 541 U.S. at 53–54). Nevarez argues that the Superior Court's decision that his son's spontaneous statements to Officer Flores were testimonial is contrary to clearly established Supreme Court law. But we need not address whether the son's

3

statements were testimonial because, even assuming a Confrontation Clause violation, the Superior Court's conclusion that any violation was not prejudicial is not unreasonable. *See Mitchell v. Esparza*, 540 U.S. 12, 17–19 (2003) (per curiam) (holding that when a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable). The state court permissibly concluded that the admission of the son's statements did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation marks omitted); *see also Fry v. Pliler*, 551 U.S. 112, 121–22 (2007).

Here, Nevarez's own recorded statements, the physical injuries and testimony of the victim near the time of the incident, and the ammunition and firearms seized, support Nevarez's convictions independent of his son's statements.

A habeas claim alleging appellate counsel was ineffective is evaluated under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Williams v. Taylor*, 529 U.S. 362, 390–91 (2000). To establish ineffective assistance of counsel, petitioner must prove: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's

4

errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–94, 697.

Here, as explained, the state court permissibly held that any deficiency from not raising the Confrontation Clause claim did not result in prejudice to Nevarez.

**AFFIRMED.**