**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 1 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCELLA LUNSFORD,

                    Petitioner-Appellant,

        v.

TINA HORNBEAK, Warden; GLORIA
HENRY,

                    Respondents-Appellees.

No.    14-17548

D.C. No. 4:08-cv-05038-PJH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted October 20, 2016
San Francisco, California

Before:  GRABER and MURGUIA, Circuit Judges, and COLLINS,** Chief
District Judge.

    Marcella Lunsford, a California state prisoner, appeals from the district

court's denial of her petition for a writ of habeas corpus. In her petition, Lunsford

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The Honorable Raner C. Collins, United States Chief District Judge
for the District of Arizona, sitting by designation.

challenges her convictions for first degree murder and conspiracy to commit murder. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant relief only when a state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

1.    Lunsford argues that the state trial court's first degree murder instruction violated due process because it improperly allowed the jury to return a guilty verdict if it concluded, beyond a reasonable doubt, that the murder was committed to kill a witness. The Supreme Court has made clear that an instructional error permitting the jury to select among alternative theories of guilt, one of which was invalid, is not structural error requiring an automatic voiding of the verdict; instead, the claim must be assessed under the harmless error review standard. *See Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008) (per curiam). On direct

appeal, the California Court of Appeal agreed that the jury had been improperly instructed that murder is automatically elevated to first degree murder because the victim is a witness. However, the Court of Appeal denied Lunsford's instructional challenge on the merits, concluding that the error was harmless because the jury unanimously found true the special circumstance allegation that Lunsford had committed the murder by means of lying in wait, another theory of first degree murder on which the trial court instructed the jury. The Court of Appeal's decision that the trial court committed error in its jury instruction but that the error was harmless was not contrary to any Supreme Court law and was not "objectively unreasonable." *See Mitchell v. Esparza*, 540 U.S. 12, 18 (2003) (per curiam).

2.      Lunsford also argues that the trial court's jury instructions on the lying-in-wait theory of first degree murder and lying-in-wait special circumstance were defective because they did not require the jury to find that she personally intended that the murder be committed by lying in wait or that lying-in-wait murder was a "natural and probable consequence" of her conduct, or that the time period of "waiting" was substantial in length. The California Court of Appeal rejected this argument, determining that the jury instructions on the lying-in-wait theory of first degree murder and lying-in-wait special circumstance were not

defective. Even assuming the jury instructions on these theories had been defective, Lunsford's challenge is grounded exclusively in state law and does not raise any issue of federal rights; therefore, it does not merit federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). ("[F]ederal habeas corpus relief does not lie for errors of state law.").

3.      Lunsford next argues that she is entitled to federal habeas relief because the trial court failed to include in its instructions to the jury the eight overt acts that were alleged to have been committed in furtherance of the conspiracy. In rejecting this argument, the California Court of Appeal held that the omission of the overt acts from the jury instruction was harmless because Lunsford's conviction of the target offense of murder necessarily satisfies the overt act requirement for the charge of conspiracy to commit the target offense. This decision is not contrary to, nor an unreasonable application of, any clearly established Supreme Court law because the Supreme Court has never held that a defendant's right to due process is violated when a conspiracy instruction does not explicitly list which overt acts the prosecution believes were taken in furtherance of the charged conspiracy. *See Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) ("Absent such 'clearly established Federal law,' we cannot conclude

4

that the state court's ruling was an 'unreasonable application.'"). Even absent the conspiracy instruction, the jury necessarily found that Lunsford had committed at least one act in furtherance of the conspiracy when it convicted her of the murder count. *United States v. Baldwin*, 987 F.2d 1432, 1438 (9th Cir. 1993) (holding that an instructional error is harmless "if no rational jury could have made [its] findings without also finding the omitted . . . fact to be true").

4.      Lunsford also argues that she was deprived of her Sixth Amendment right to effective representation by her trial counsel's failure to object to or move for a new trial on the basis of purported prosecutorial misconduct—namely, the prosecution's "threat" of a long prison term for Lunsford's son, Charles, if he testified on her behalf, and references to statements from Lunsford's daughter, Chasity, concerning Chasity's son's paternity and whether Charles could read. Because no court has issued a certificate of appealability ("COA") as to this claim, we construe this argument as a motion to expand the COA, which the court may grant only if Lunsford makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam). To satisfy this standard, Lunsford must demonstrate that "reasonable jurists could debate whether . . . the petition should

5

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

To succeed on a claim of ineffective assistance, a habeas petitioner must prove that his "counsel's representation fell below an objective standard of reasonableness," and that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Where, as here, a state court has denied a *Strickland* claim on the merits, AEDPA's strictures impose an additional level of deference "that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013).

The California Court of Appeal reasonably applied *Strickland* in denying Lunsford's ineffective assistance claim. The challenged "threat" against Charles made no mention of Lunsford or the charges pending against her, and therefore the Court of Appeal reasonably determined that no misconduct occurred vis-à-vis Charles's absence as a witness at Lunsford's trial. Accordingly, the Court of Appeal reasonably concluded that counsel was not ineffective in failing to raise the issue. The Court of Appeal also reasonably determined that Lunsford's attorney

had not been ineffective during the prosecution's cross-examination of Chasity or closing arguments, explaining that "the prosecut[ion] was entitled to explore the issue of Chasity's credibility on cross-examination" by pointing out that she "took whatever position [in her paternity dispute that] was expedient at the moment" regardless of the truth. The Court of Appeal accordingly reasoned that Lunsford was not the victim of constitutionally ineffective assistance of counsel because "the outcome [of her trial] would not have been different if counsel had objected because it is not reasonably probable [an] objection [to the prosecution's impeachment] would have been sustained." The Court of Appeal reasonably concluded that counsel's failure to object to a portion of the prosecution's closing argument that referenced Charles's literacy was similarly not prejudicial. The Court of Appeal's application of *Strickland* was reasonable and, because reasonable jurists are unlikely to disagree that the Court of Appeal correctly applied clearly established Supreme Court law in denying Lunsford's claim of ineffective assistance of counsel, we decline to expand the COA as to these issues.

    **AFFIRMED.**